403 So.2d 737 (1981)
STATE of Louisiana
v.
Edward L. HATHAWAY.
Nos. 81-K-0616, 81-K-0617.
Supreme Court of Louisiana.
September 8, 1981.
Larry Arbour, West Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Lavalle Salomon, Asst. Dist. Attys., for plaintiff-respondent.
BLANCHE, Justice.
We granted writs of certiorari to consider the overruling of the Cotton Belt Insurance Company's (referred to as Cotton Belt) motion to be released from all obligations under bond.
In the case bearing docket number 81-K-0616 in this Court the defendant, Edward L. Hathaway, was arrested for possession of cocaine with the intent to distribute. He initially posted bond through a personal surety, Camille Hathaway, on May 7, 1979. Subsequently, on October 25, 1979, that bond was posted by a professional surety, Cotton Belt, for $3,000.
Defendant ultimately pleaded guilty on March 18, 1980 and was ordered to appear for sentencing on April 30, 1980. When the defendant failed to appear, he was called on his bond.[1]
On May 12, 1980 a signed judgment was rendered decreeing the forfeiture of the defendant's appearance bond against the defendant and Camille Hathaway. This was error, as Camille Hathaway had been released as surety and the judgment should have been rendered against Cotton Belt.
On September 11, 1980 an amended judgment was rendered against the defendant and Cotton Belt for the defendant's failure to appear for his sentencing on April 30, 1980. The Clerk of the Fourth Judicial District Court mailed the Notice of Forfeiture to Cotton Belt on September 15, 1980. This was the first and only notice given to Cotton Belt that the defendant had failed to appear for sentencing on April 30, 1980, and simple calculation reveals that that notice came to Cotton Belt over 120 days after the judgment decreeing the bond forfeiture.
*738 In the case bearing docket number 81-K-0617 in this Court, the same defendant, Edward L. Hathaway, was arrested for possession of cocaine, possession of marijuana (second offense) and possession of marijuana (second offense). The defendant made bond through Cotton Belt on October 25, 1979 for a total amount of $5,000.
Ultimately, as a result of a plea bargain, the defendant pleaded guilty on March 18, 1980 to one count of simple possession of marijuana and one count of attempted possession of a controlled dangerous substance. The defendant was ordered to appear for sentencing on April 30, 1980. When the defendant failed to appear, he was called on his bond.
On May 12, 1980 a signed judgment was rendered decreeing the forfeiture of defendant's appearance bond against the defendant and Cotton Belt for $3,500. This was error, as Cotton Belt was responsible for $5,000, not $3,500.
On September 11, 1980 an amended judgment was rendered against the defendant and Cotton Belt for the defendant's failure to appear for his sentencing on April 30, 1980. This amended judgment was for $5,000. Notice of the bond forfeiture was mailed to Cotton Belt on September 11, 1980; however, the bond total was stated to be $3,000. This was the first and only notice given to Cotton Belt that the defendant had failed to appear for sentencing on April 30, 1980, and simple calculation reveals that that notice came approximately 120 days after the judgment decreeing the bond forfeiture.
On February 12, 1981 Cotton Belt filed a motion to be released from all obligations under bond pertaining to both 81-K-0616 and 81-K-0617. Cotton Belt based its motion on the ground that they did not receive the notice of forfeiture as required by R.S. 15:85. The motion was heard on February 23, 1981 and overruled the next day.
We find merit in Cotton Belt's assertion that the notice requirements of R.S. 15:85(A) were not met, and we reverse the trial court's ruling on that basis alone.[2] R.S. 15:85(A) provided[3] in pertinent part:
"A. All bonds taken to secure the appearance of any person before any district court, except at a preliminary examination, shall be forfeited and collected as follows:
"(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this section. Failure to mail the proper notice within sixty days after the entry of the forfeiture shall release the surety from all obligations under the bond." *739 Clearly, under this statute, this surety should be released from all of its obligations under bond in these cases, for Cotton Belt was not notified within sixty days of the entry of forfeiture. As discerned from the foregoing factual recitation, it is obvious that Cotton Belt was not notified until approximately one hundred and twenty days had elapsed.
Recently, we said in State v. DeLaRose, 391 So.2d 842 (La.1980), that in order to obtain a judgment of bond forfeiture against a surety, the state must comply strictly with the terms of the statute regulating bond forfeitures. We affirm that position and find that the state did not comply strictly with the terms of the then applicable statute as Cotton Belt, the surety, was not given proper notice within sixty days after the entry of forfeiture.
Even using the most liberal calculation in favor of the state by using May 12, 1980 as the date for the judgment of bond forfeiture instead of April 30, 1980, we find the state did not approach the sixty day requirement. In both 81-K-0616 and 81-K-0617, a signed judgment was rendered. In 0616, the wrong surety was given, and in 0617, the wrong amount was given. These clerical errors can only be attributed to the state. Then in both cases, Cotton Belt was not informed until the amended judgment on September 11, 1980 at the earliest. That is, by far, greater than sixty days from when the original signed judgment was rendered against the defendant and the surety (May 12, 1980).
We choose not to excuse these clerical errors, for the surety should have been promptly notified of the defendant's failure to appear so that he, the surety, could have had a reasonable chance of locating the vanished defendant.
We find that the four month delay between the judgment forfeiting the defendant's bond in 81-K-0616 and 81-K-0617 and the mailing of the judgment of forfeiture was not in compliance with the then applicable R.S. 15:85(A). For this reason, the ruling overruling Cotton Belt's motion to be discharged from its obligations under the bond is reversed and Cotton Belt is discharged from this obligation in both cases.
REVERSED.
NOTES
[1] The minute entry for April 30, 1980 shows that the defendant was not present in court for sentencing and was "called on his bond". This procedure is irregular for the court was required by statute, R.S. 15:85(A), to forfeit the defendant's bond "forthwith" after proof of the defendant's failure to appear, and service or attempted service on the surety, on the motion of the district attorney. The formal signing of the judgment of bond forfeiture was not the date on which the bond was forfeited, as the formal signing on May 12, 1980 does not comply with the "forthwith" provision of the statute. However, for the purposes of this case we will use May 12, 1980 as the date on which the bond was forfeited for the defendant's failure to appear, for the minute entry for the first time shows a judgment of bond forfeiture on that date.
[2] Cotton Belt's other assignment of error contends that the initial judgment forfeiting the bond is invalid, for it, as surety, never received service of the fixing for defendant's appearance at his sentencing on April 30, 1980, which is likewise a violation of R.S. 15:85(A). The state answers by citing C.Cr.P. art. 337, which provides that if the principal appears in open court and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. Since Hathaway had appeared March 18, 1980 to enter his guilty plea and was ordered to return for sentencing on April 30, 1980, the state argues no notice to the surety was required. We need not determine the validity of the initial judgment, for even assuming it was properly rendered, we reverse for the reasons given in this opinion.
[3] R.S. 15:85(A) was amended by Acts 1980, No. 639, § 1, effective September 12, 1980. It changed the 60 day period to 6 months. However, by the effective date of the amendment, Cotton Belt's rights had vested.