544 So.2d 539 (1989)
STATE of Louisiana
v.
Adams H. KOROMA.
No. 88-CA-787.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1989.
Graymond F. Martin, Smith, Martin & Ware, New Orleans, for defendant-appellant, Adams Koroma (American Bankers Ins. Co.-Surety).
John Molaison, Dorothy Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, for State.
Before KLIEBERT, BOWEWS and WICKER, JJ.
BOWES, Judge.
This is an appeal from a ruling of the district court denying the motion of American Bankers Insurance Company and Adams Koroma to rescind a bond forfeiture. We dismiss the appeal for the following reasons.
Appellant, Adams H. Koroma, was arrested during the summer of 1987. Bail was posted by American Bankers Insurance Company through its local agent. The defendant failed to appear for arraignment/preliminary hearing on September 9, 1987 and the matter was rescheduled to September 23rd. On that date, Koroma again failed to appear and the trial judge again rescheduled the matter for September 30th. On September 30th, an attachment issued as the defendant again failed *540 to appear. In addition, the surety was notified to produce the defendant for October 21st. On the 21st, neither the defendant nor the surety made an appearance. After making a determination that the surety was served with the notice to produce the defendant, the bond was ordered forfeited. A judgment of forfeiture was signed on November 9, 1987, and mailed to the surety and the agent on the same date.
Subsequently, the trial court again ordered the surety to produce the defendant. At the hearing provoked by the trial court, the surety argued that the judgment of forfeiture should be set aside, challenging service of notice. This hearing was conducted on January 20, 1988. At its conclusion, the judge ordered memoranda on the issues presented and continued the matter until March 2, 1988. He stated that on that date he would hear argument and rule. The matter was ultimately decided on March 16, 1988, with the trial judge ruling that the surety's motion to set the bond forfeiture lacked merit. The surety appealed on April 19, 1988.
In the record there is but one pleading regarding the position of the surety that the forfeiture should be set aside. That pleading is styled "Motion to Rescind Bond Forfeiture/Petition For Nullity of Judgment;" however, it was not filed until January 19, 1989, some nine months after this appeal was taken. We are unable to ascertain, which, if any, written pleading was before the trial court on March 16, 1988. Furthermore, there is no written judgment on the motion to rescind/nullity action from which American Bankers can appeal, but only a minute entry dated March 16, 1988. LSA C.C.P. art. 1911 requires that, for purposes of an appeal, no appeal may be taken from a final judgment until the final judgment is signed by the judge. Absent a signed judgment in the record, an appeal is premature and must be dismissed. McElwee v. McElwee, 244 So.2d 35 (La.App. 2 Cir.1971); Dillon v. State, 322 So.2d 351 (La.App. 2 Cir.1975).
Insofar as the appeal may purport to be an appeal from the judgment of forfeiture itself, we note that LSA R.S. 15:85(A)(2), as amended effective September 8, 1987, states:
(2) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within sixty days of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. The sixty-day period herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. The provisions of this Paragraph shall not be construed to adversely affect any rights granted in Paragraph (3) of this Subsection, or R.S. 15:87. [Emphasis supplied]
Paragraph (3) deals with a judgment of forfeiture in which the defendant subsequently appears. R.S. 15:87 addresses the inability of the defendant to appear. Based on the record before us, it appears that neither of these circumstances are applicable to the present case. The judgment of forfeiture was signed on November 9, 1987. The present appeal was taken on April 19, 1988. Therefore, it is clearly untimely since it was taken more than 60 days after the judgment.
For all of the foregoing reasons, the appeal is dismissed at appellant's cost.
DISMISSED.