KLIEBERT, Judge.
This is a commercial surety’s appeal of a trial court judgment refusing to annul a judgment based on a bond forfeiture. For the following reasons, we annul and set aside the judgment and remand the case for an evidentiary hearing.
The defendant, Christopher Kenning, was charged by bill of information with possession of LSD with intent to distribute, in violation of LSA-R.S. 40:966. After defendant’s arrest, American Bankers Insurance Company of Florida (American Bankers), a commercial surety and the appellant herein, posted a $50,000.00 appearance bond on the defendant’s behalf. The bond did not fix the appearance date.
Defendant appeared for his arraignment on August 27, 1987 and pled not guilty to *1211 the charge. The court set October 19, 1987 as the trial date. On October 19, 1987 the defendant appeared but the trial was continued at the request of the district attorney to January 4, 1988.
When the defendant failed to appear for trial on January 4, 1988, the trial court issued an attachment for his arrest and rendered a money judgment based on a forfeiture of the appearance bond. The trial judge signed the judgment on January 22, 1988, and the clerk mailed notice of the judgment to the defendant and American Bankers on that same date.
On May 2, 1988, American Bankers filed a pleading (entitled A Motion or Petition for Nullity) to set aside the judgment of bond forfeiture. The trial court denied the request on May 26, 1989 and signed a judgment of denial on November 20, 1989. American Bankers filed this suspensive appeal, challenging the trial court’s refusal to annul the forfeiture.
“When a party posts an appearance bond, a suretyship agreement with the state is created. This agreement creates a civil contract based on an act under private signature, breach of which will lead to a money judgment against the surety.” (Citations omitted). State v. Shief, 534 So.2d 513 (5th Cir.1988). Except for purposes of subject matter jurisdiction, bond forfeiture proceedings are civil and the Louisiana Code of Civil Procedure governs bond forfeitures, including the appeal of a forfeiture. Id.
American Bankers filed its motion for suspensive appeal on November 9, 1989, prior to the signing of the challenged judgment on November 20, 1989. While the appeal was therefore premature when filed, that prematurity was cured by the signing of the judgment. La.C.C.P. Art. 1911; Overmier v. Traylor, 475 So.2d 1094 (La.1985). American Bankers’ appeal is therefore properly before this Court.
Generally, a surety underwriting a bond guarantees that a defendant will be present at each stage of the proceeding and that he will submit to the orders of the court and not leave the state without permission of the court. La.C.Cr.P. Art. 330. If a defendant fails to comply with any of the conditions of the bond undertaking, the bond may be forfeited by the court. The procedure for forfeiture of bonds is outlined in LSA-R.S. 15:85[1] and the requisite notice of appearance dates is outlined in *1212 La.C.Cr.P. Art. 337.[2] To obtain a valid bond forfeiture judgment against a surety, the state is required to strictly comply with the provisions of the statute regulating bond forfeitures. State v. Salgologo, 491 So.2d 361 (La.1986); State v. Hathaway, 403 So.2d 737 (La. 1981).
In its appellee’s brief, the state argues that American Bankers’ appeal should be dismissed as untimely under LSA-R.S. 15:85 A(2), citing as authority State v. Koroma, 544 So.2d 539 (5th Cir.1989). Although the panel in that case did make reference to the 60-day appeal delay prescribed in LSA-R.S. 15:85 A(2), the commercial surety’s appeal was dismissed as premature because the record did not reflect a signed judgment; thus, Koroma is factually dissimilar from the present case. Moreover, the state’s contention fails to recognize that the judgment appealed from is the denial of the request to annul the bond forfeiture judgment. As to that judgment the appeal was timely. La.C.C.P. Article 2087, 2123.
In its first assignment of error, American Bankers argues that the bond forfeiture judgment is invalid because the state failed to present the trial court with proper evidence to support the state’s entitlement to the forfeiture judgment, as required by LSA-R.S. 15:85 A(l). Under this assignment of error the pertinent inquiry is whether the trial judge, before ordering the forfeiture, heard “proper evidence, including notice [as required by La. C.Cr.P. Art. 337][3] to the defendant and the surety or an agent or bondsman of the surety ...”
Our inquiry, however, is hampered by the absence of an adequate record of the forfeiture proceeding on January 4, 1988. This Court can only speculate as to what evidence, other than non-appearance, the trial judge considered before decreeing the bond forfeiture.
Service of the appearance date may be made on the surety’s designated agent for service of process.[4] La.C.Cr.P. Article 337. State v. Dickerson, 534 So.2d 976 (5th Cir.1988); State v. Robinson, 504 So.2d 1160 (5th Cir.1987). The subpoena return in the record shows that service was made on the surety through “Lisa,” but there is nothing in the record to show that Lisa was the designated agent for service of process. La.C.C.P. Article 1261[5] sets *1213 out service of citation or other process on a domestic or foreign corporation. We are unable to discern from the record whether American Bankers designated a specific agent for service of process or if service on Lisa was proper service under La.C.C.P. Art. 1261, such that the notice requirements in La.C.Cr.P. Art. 337 were met.
The record before us only contains a form minute entry referencing the proceedings on January 4, 1988 as follows:
“THE DEFENDANT CHRISTOPHER V. KENNING DID NOT APPEAR BEFORE THE BAR OF THE COURT THIS DAY FOR TRIAL. ISSUE ATTACHMENT AND FORFEITURE.”
Moreover, no evidence was presented at the hearing on American Bankers’ motion or petition for nullity as to the evidence considered prior to rendition of the judgment. As a result, we cannot determine what the judge considered “proper evidence” before rendering judgment.
Accordingly, under the present posture of the case and our conclusion as to the procedure followed by the state to obtain the judgment, in the interest of fairness, we set aside the November 10, 1989 judgment dismissing the motion to annul the bond forfeiture judgment of January 22, 1988 and remand the case for an evidentia-ry hearing on the motion to annul the judgment, following which the trial court is instructed to decide whether the surety has timely filed his motion for nullity and, if so, whether the state has complied with all of the requirements of LSA-R.S. 15:85A(1) in obtaining the bond forfeiture judgment, and then rule on the motion to annul.
ANNULLED AND SET ASIDE; REMANDED.

. LSA-R.S. 15:85 provides in pertinent part as follows:

"Forfeiture before district court; procedure

A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety or an agent or bondsman of the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(2) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the rec-ordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within sixty days of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. The sixty-day period herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. The provisions of this Paragraph shall not be construed to adversely affect any rights granted in Paragraph (3) of this Subsection, or R.S. 15:87.” [Emphasis supplied.]

. La.C.Cr.P. Art. 337 provides as follows:

"Notice to surety of time and place of appearance

When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant's nonappearance on that particular date.”

. See Footnote 2.

. The subpoena ordering defendant to appear in court on January 4, 1988 was served at his mother’s home, which was the address he had given in court during a previous hearing.. The return on the subpoena was stamped "Subject Moved." However, because defendant was present in court on October 19, 1987, when the case was continued and reset for January 4, 1988, he had personal notice of the date for his next court appearance.

.La.C.C.P. Art. 1261 provides as follows:

"Domestic or foreign corporation

A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
B. If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion.
C. Service on a foreign corporation may also be made by personal service on the counsel of *1213 record for the corporation or, if there is no counsel of record and the corporation is subject to the provisions of R.S. 13:3201, by service of process under the provisions of R.S. 13:3204. Amended by Acts 1988, No. 37, § 1, eff. June 10, 1988.”