PER CURIAM.
We reverse the trial court’s order granting the motion to suppress the appellee’s confession. The trial court had held a hearing at which sheriff’s deputies testified by way of deposition, and other testimony was taken. At the hearing the court denied the motion. He noted that the issue was one of credibility of the witnesses. The next day he reversed himself and granted the motion based upon information he had received after the hearing regarding the credibility of one of the officers. The information included newspaper articles. What the trial court said on the record also indicates a misstatement of the role during appellee’s interrogation of the officer whose credibility he questioned. Further, because of apparently conflicting statements it is not entirely clear whether the officer’s credibility figured into the trial court’s determination regarding the giving of the Miranda warnings and waiver thereof or whether the credibility of the officer affected the court’s determination on whether appellee actually had made incriminating statements.
We hold that the court’s consideration of the newspaper articles and other information was in contravention of section 90.-204(3), Florida Statutes (1989). That section requires that when a trial judge resorts to documentary evidence not received in open court, “the court shall make the information and its source a part of the record in the action and shall afford each party reasonable opportunity to challenge such information before judicial notice of the matter is taken.”
We reverse and remand for a new hearing at which time the parties will be given an opportunity to challenge the matters of which the court had taken judicial notice.
HERSEY, C.J., and GUNTHER and WARNER, JJ., concur.