WICKER, Judge.
This is a commercial surety’s appeal of the trial court’s judgment refusing to annul a bond forfeiture. We set aside the judgment of bond forfeiture and remand the case for an evidentiary hearing.
The defendant, Frederick Kennedy, was charged by bill of information with manufacturing marijuana in violation of La.R.S. 40:966. After defendant’s arrest American Banker’s Insurance Company (American Bankers), a commercial surety, and the defendant posted a $25,000.00 appearance bond.
When the defendant failed to appear for trial on July 30, 1990 the trial court issued an attachment for the defendant’s arrest and an instanter. The trial court signed a judgment of bond forfeiture on August 1, 1990. On August 2, 1990 the clerk executed a certificate of mailing that judgment.
On October 3, 1990 American Bankers filed a motion to set aside judgment of bond forfeiture/petition for nullity of judgment. The trial court denied the motion/petition on October 23, 1990 and signed the judgment of denial on October 30, 1990. American Bankers filed a motion for suspensive appeal on October 30, 1990 which the trial court granted.
JURISDICTION
In its appellee’s brief, the state urges that American Bankers’ appeal should be dismissed as untimely under La. R.S. 15:85A(2)(a). For further support, the state cites this Court’s decision in State v. Koroma, 544 So.2d 539 (La.App. 5th Cir.1989). Although the panel in that case did make reference to the sixty-day appeal delay prescribed by La.R.S. 15:85A(2)(a), the commercial surety’s appeal in Koroma was dismissed as premature because the record did not reflect a signed judgment. Koro-ma is therefore factually dissimilar with this case. Accord State v. Kenning, 563 So.2d 1209, 1212 (La.App. 5th Cir.1990). Moreover, the state’s contention that this appeal is untimely fails to recognize the distinction between American Bankers’ motion/petition to set aside the bond forfeiture judgment and the judgment denying that motion/petition. While the motion/petition was filed after the time delay established by La.R.S. 15:85A(2)(a) had lapsed, the judgment denying that motion/petition was appealed in timely fashion. La.C.C.P. arts. 2087, 2123; Kenning, supra.
La.R.S. 15:85A(2)(a) establishes a sixty-day period for the assertion of any defenses to a bond forfeiture judgment. That sixty-day period commences with the clerk’s mailing of proper notice of the bond forfeiture judgment to the principal and the surety, as required by La.R.S. *758 15:85A(1). Most importantly, La.R.S. 15:85A(2)(a) specifies that this sixty-day period is an appeal delay and the failure to assert defenses to the bond forfeiture within that period constitutes a waiver of defenses.
The record in this case reflects that American Bankers filed its motion/petition to set aside the bond forfeiture judgment on October 3, 1990, well after the expiration of the sixty-day appeal delay which commenced on August 2, 1990 when the clerk mailed notice of the forfeiture judgment to the parties. While American Bankers may have waived their defenses to the bond forfeiture judgment by failing to assert those defenses during the sixty-day appeal delay established by La.R.S. 15:85A(2)(a), the issue to be resolved initially on this appeal is whether American Bankers retains its right to challenge the bond forfeiture judgment by means of a nullity action under La.C.C.P. arts. 2001, et. seq. This Court recently resolved that issue in favor of the surety, by ruling that the sixty-day appeal delay and the waiver of defenses established by La.R.S. 15:85A(2)(a) do not impair the right of a party to attack a bond forfeiture judgment by initiating a nullity action. State v. Posey, 550 So.2d 1368 (La.App. 5th Cir.1989), reversed on other grounds, 556 So.2d 836 (La.1990). In a per curiam, opinion, the Louisiana Supreme Court reversed this court’s ruling that a bond forfeiture judgment was null because written notice of the appearance date was not served on the surety itself. The Supreme Court noted that La.C.Cr.P. art. 337, as amended, now permits service of notice of the appearance date on the surety’s agent or bondsman, as well as the surety itself. In Posey we referred to our earlier decision in State v. Overton, 504 So.2d 1098 (La.App. 5th Cir.1987) as authority for two legal principles fundamental to the resolution of the issue in that case. First, Overton established that, procedurally, the motion/petition filed by the surety in Posey was sufficient to institute a nullity action under La.C.C.P. art. 2001, et. seq. Posey, 550 So.2d at 1373. The motion/petition filed by American Bankers in this case is similar to the surety’s motion/petition in Posey. Secondly, Overton characterized the failure to properly serve notice of an appearance date under La.C.Cr.P. art. 337 as a vice of form giving rise to a nullity action under La.C. C.P. art. 2002. Id. The reasoning and legal analysis of this court in Posey, supra, applies with equal force in this case. The failure of American Bankers to file its motion/petition within the sixty-day appeal period prescribed by La.R.S. 15:85A(2)(a) does not deprive the surety of its right to challenge the bond forfeiture judgment by initiating a nullity action under La.C.C.P. art. 2001, et. seq. Overton, supra; Kenning, supra.
More recently the Second Circuit has explained in State v. Bailey, 567 So.2d 721 (La.App. 2nd Cir.1990) at 726:
Among the allegations the surety asserted that no adequate hearing was held, no valid evidence was introduced, no prima facie case was made sufficient to order entry of judgment and proper notice as required by the Louisiana Code of Criminal Procedure was not given. Based upon these defects, the surety prayed that the judgment of bond forfeiture be set aside and declared an absolute nullity. These allegations are sufficient to state a nullity claim and for procedural purposes a motion/petition of this type is sufficient to institute a nullity action under La.C.C.P. Articles 2001 et seq. See State v. Posey, supra and State v. Overton, 504 So.2d 1098 (La.App. 5th Cir.1987).
American Bankers asserts the same allegations as those in Bailey, supra. Therefore, American Bankers has sufficiently stated a nullity claim. Bailey, supra, Kenning, supra.
ASSIGNMENTS OF ERROR:
American Bankers assigns the following errors on appeal:
1. The trial court erred in denying appellant’s petition for nullity of judgment/motion to set aside judgment of bond forfeiture when neither the surety nor agent were properly notified of defendant’s required appearance, and
*759 2. The trial court erred in denying appellant’s petition for nullity of judgment/motion to set aside judgment of bond forfeiture when the pre-forfeiture requirements of La.R.S. 15:85 were not met and no hearing was held and no evidence was introduced.
We pretermit a discussion of the first assignment since we find merit to the second one.
Defendant contends that the bond forfeiture judgment is invalid in that the trial court did not order the bond forfeited nor did the trial court hear “proper evidence” prior to the forfeiture.
La.R.S. 15:85A provides in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof ...
In order to obtain a judgment of bond forfeiture against a surety, the state must comply strictly with the terms of the statute regulating bond forfeitures. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Dickerson, 534 So.2d 976 (La.App. 5th Cir.1988).
In the instant case the trial court failed to order the bond forfeited. The transcript reveals that the trial court failed to order the bond forfeited while the minute entry reflects the contrary; however, where there is a discrepancy between the minutes and the transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732 (La.1983). Additionally, the state did not present any evidence at the forfeiture proceeding; consequently, the judgment of bond forfeiture must be set aside and the matter remanded. Hathaway, supra; Dickerson, supra.
Accordingly, for the reasons stated the judgment of bond forfeiture is set aside and this case is remanded to the trial court for further proceedings.
JUDGMENT SET ASIDE; CASE REMANDED.