KLEES, Judge.
American Bankers Insurance Company of Florida, surety of defendant, appeals the trial court's denial of its motions to set aside two judgments of bond forfeiture. We find that the bonds were improperly forfeited, and therefore reverse.
On June 24, 1986, defendant Marcin A. Watson was charged with possession of marijuana, a violation of R.S. 40:966, and possession of cocaine, a violation of R.S. 40:967. Defendant’s bond was set at $2,000 on the first charge and $5,000 on the second charge. American Bankers Insurance Company supplied both bonds.
Defendant was arraigned on July 8, 1986. He failed to appear for trial on August 26, 1986, and the court set a bond forfeiture hearing for September 9, 1986. On September 9th, when the defendant failed to appear, the court ordered the bonds forfeited. However, on September 16th, the defendant submitted himself to the court and pleaded guilty. The court then set aside the bond forfeitures and set a sentencing date for September 25, 1986. On September 25th, the sentencing was reset for September 30th. On September 30, 1986, the defendant failed to appear for sentencing, and the court continued the matter without date. Nearly four years later, on July 26, 1990, the court set a bond forfeiture hearing for August 21, 1990, and sent notice to the surety. When the defendant failed to appear on August 21st, the court again ordered the bonds forfeited in both cases. Notice of the forfeitures was sent to the surety on October 11, 1990.
On March 28, 1991, the surety filed motions to set aside the bond forfeitures, which motions were denied by the court on April 17, 1991. On April 26, 1991, the trial court signed judgments denying the surety’s motions. From these judgments, the surety appeals.
The surety argues that a four year delay between the defendant’s non-appearance and the forfeiture of the bonds does not comply with the requirements of R.S. 15:85(A)(1), governing bond forfeitures. R.S. 15:85(A)(1), prior to its amendment in September of 1987, read:
“If at the time fixed for the appearance such person fails to appear and answer when called, the judge on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety, if such is required by Code of Criminal Procedure art. 337, *1395 shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it on the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Mailing notice to the agent alone shall not constitute compliance with this section. Failure to mail proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.” (Emphasis added)
LSA R.S. 15:85(A)(1) (West).
The Louisiana Supreme Court has held that in order to obtain a judgment of bond forfeiture against a surety, the state must comply strictly with the terms of the statute regulating such forfeitures. State v. Hathaway, 403 So.2d 737, 739 (La.1981); State v. DeLaRose, 391 So.2d 842, 843 (La. 1980). Therefore, the issue on appeal is whether a four year delay between the defendant’s non-appearance and the bond forfeiture comports with the statute’s provision that the court shall “forthwith” enter a judgment of forfeiture upon the defendant’s non-appearance. We find that it does not.
“Forthwith” means “immediately”, “without delay” or “directly”. Black’s Law Dictionary, 782 (4th Ed.). In State v. Ledener, 221 So.2d 47, 49 (La.1969), the Supreme Court stated:
The language of the statute [LSA-15:85 A(l)] clearly reflects that on a simple motion of the State the hearing of evidence of service is to occur when the accused fails to appear in accordance with the terms of the bond; and that the judgment is to be entered “forthwith”— i.e., immediately or without delay.
In State v. Hathaway, supra, the Court indicated that a twelve-day delay between the defendant’s non-appearance and the forfeiture is unacceptable. 403 So.2d at 737 n. 1. In that case, the court stated:
We choose not to excuse these clerical errors, for the surety should have been promptly notified of defendant’s failure to appear so that he, the surety, could have had a reasonable chance of locating the vanished defendant.
Id. at 739 (Emphasis added).
A lapse of four years between the defendant’s non-appearance and the eventual forfeiture of the bond and notice to the surety clearly undermines this policy of giving the surety a reasonable opportunity to locate the defendant. In this case, the state merely argues that the statute was not violated because the surety received notice within six months of the actual bond forfeiture. However, this argument completely ignores the statute’s other provision that the judgment of forfeiture be entered “forthwith” upon the non-appearance of the defendant. We therefore conclude that, in the instant case, the statute was not complied with, and the bond forfeitures are therefore null.
Accordingly, we reverse the judgments of the district court upholding the forfeitures, and we hereby vacate the two prior judgments of bond forfeiture rendered against American Bankers Insurance Company of Florida.
REVERSED.