CIACCIO, Judge.
This is an appeal from a ruling of the district court denying the motion of Certified Lloyd’s Insurance Company to have a bond forfeiture declared a nullity. For the following reasons, we dismiss the appeal.
On January 12, 1989, defendant Robert M. Searcy was arrested and charged with four counts of forgery and one count of theft. Defendant’s bond was set at $10,-000.00 and he was released on a recognizance bond on January 13,1989. This bond was forfeited when defendant failed to appear for his arraignment on January 29, 1989. The court issued an alias capias and defendant was arrested on April 1, 1989. On April 12, 1989 a surety bond in the amount of $5,000.00 was posted for the release of defendant by Certified Lloyd’s Insurance Company, appellant herein.
Defendant failed to appear for a motion hearing scheduled for October 13, 1989, and on that date the court issued an alias capias for the arrest of defendant in the amount of $100,000.00. The surety was notified of defendant’s failure to appear. On July 24, 1990, on motion of the state, the court scheduled a bond forfeiture hearing for August 17, 1990. This hearing was subsequently continued to October 29, 1990. On this date, neither the defendant nor the surety made an appearance. The State then introduced the defendant’s bond as well as subpoenas for the defendant and the surety, and the bond was ordered forfeited. On the same date, a judgment of forfeiture against the surety company in the amount of $5,000.00 was signed by the trial judge. Notice of the bond forfeiture was mailed to the surety and the agent on November 12, 1990.
On May 20, 1991, Certified Lloyds filed a pleading styled “Motion to Set Aside Judgment of Bond Forfeiture, Petition for Nullity of Judgment.” Following a hearing on June 26, 1991, the trial court denied surety’s motion. A judgment of the trial court was signed on July 2, 1991, and it is from this judgment that the surety now appeals.
On appeal, the surety attacks the judgment of bond forfeiture, arguing that the forfeiture is invalid because it was not rendered “forthwith” following defendant’s failure to appear as required by LSA-R.S. 15:85(A)(1). Appellant argues that the twelve month delay between defendant’s initial failure to appear and the judgment of bond forfeiture is in violation of this statute, relying on State v. Watson, 596 So.2d 1393 (La.App. 4th Cir.1992).
However, the appeal of a judgment of forfeiture is governed by LSA-R.S. 15:85(A)(2), which states in part:
If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recor-dation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If *1383 the judgment has not been paid within sixty days of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. The sixty day period herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. (Emphasis added.)
In the Watson case, notice of the bond forfeiture was mailed to the surety on October 11, 1990 and the motion to set aside the forfeiture was filed on May 28, 1991. Although more than sixty days had lapsed between the judgment of forfeiture and the challenge by the surety, apparently the State did not argue that the challenge was untimely based on R.S. 15:85(A)(2) and the issue was not addressed by the court. Although we do not agree with the holding of the Watson case and its interpretation of R.S. 15:85(A)(1), we need not overrule it as we find that the issue of the untimeliness of the assertion of the defense to the forfeiture was not ruled on by the Watson court.
In the present case, the judgment of bond forfeiture was signed by the trial court on October 29, 1990. Notice was mailed to the surety on November 12,1990, and there is no contention that notice was not received. The surety filed a motion to set aside the judgment of bond forfeiture on May 20, 1991, more than 180 days after notice of the judgment was mailed. This motion was denied by the trial court by judgment dated July 2, 1991.
Although this appeal purports to be an appeal from the denial of that motion, the law requires the surety to challenge the forfeiture of a bond within sixty days of the mailing of proper notice of the rendition of judgment. In this case, the judgment was not challenged until May 20, 1991. This action is clearly untimely since it was not brought within sixty days from the date notice was mailed, November 12, 1990. See, State v. Koroma, 544 So.2d 539 (La.App. 5th Cir.1989).
For the foregoing reasons, the appeal is dismissed at appellant’s costs.
DISMISSED.