STEWART, Judge.
Defendant-appellant, John Thrasher, appeals the denial of his petition to set aside and nullify two judgments of bond forfeiture.
On appeal, Thrasher contends that the trial court erred as follows: (1) in deciding that the state followed proper procedure in forfeiting and/or collecting the surety bonds; (2) in failing to order the forfeitures null and in failing to order the return of all seized funds to him, together with interest, costs and attorney fees. We affirm.
CHARLES ADKINS’ BOND FORFEITURE
Charles Glen Adkins was charged by bill of information with burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. Bond was set by the trial court at $15,000. On May 7, 1987, John Thrasher signed as surety bondsman for Adkins. The terms of the appearance bond contract provided that Adkins would appear and answer to the charges in open court in Jackson Parish on June 2, 1987 and at each succeeding setting of the court. The record does not reflect what occurred on June 2, 1987. The next scheduled court appearance was December 8, 1987. Adkins failed to appear and a bench warrant was issued for his arrest.
On April 3, 1990, Adkins again failed to appear for court. The District Attorney immediately filed a motion for Adkins’ *876 bond to be forfeited and a hearing was held the same day. Carol Hattaway, secretary in the District Attorney’s Office in Jackson Parish, testified that on March 23, 1990, she mailed a letter to Adkins with a copy to Thrasher notifying them of Adkins’ April 3, 1990 court appearance. The letter was introduced into evidence as Exhibit S-2. The state also introduced into evidence Exhibit S-l which is the appearance bond signed by Charles Adkins and John Thrasher. The court rendered a judgment of forfeiture on Adkins’ appearance bond on April 4, 1990. Notice of the judgment of bond forfeiture was sent to Adkins and Thrasher by regular mail on April 4, 1990. The judgment of bond forfeiture was filed into the mortgage records on April 4, 1990.
JESSIE EVANS’ BOND FORFEITURE
Jessie Evans was charged by bill of information with three counts of criminal damage to a coin operated device, in violation of LSA-R.S. 14:56.1. Bond was set by the trial court at $20,000. On October 6, 1988, Thrasher signed as surety bondsman for Evans. The bond fixed the appearance date for November 8, 1988. On November 8,1988, Evans failed to appear in court and a bench warrant was issued for his arrest. The District Attorney then filed a motion for Evans’ bond to be forfeited. A hearing was held and evidence was adduced. The court rendered judgment of forfeiture on Evans’ bond on November 8, 1988. Notice of the judgment was sent to Evans and Thrasher on November 15,1988. The judgment of bond forfeiture was filed into the mortgage records on November 15, 1988.
MOTION TO SET ASIDE BOND FORFEITURES
On February 6, 1991, based on a writ of fieri facias issued to enforce the Adkins and Evans judgments of bond forfeiture, the sheriff seized $35,000 of funds owned by Thrasher at the Jonesboro State Bank. On April 1,1991, Thrasher filed petitions to set aside both judgments of bond forfeiture. On April 16, 1991, the state filed an answer and reconventional demand in each case. On September 12,1991, both matters were consolidated for trial. At the hearing, Thrasher contended that the state failed to follow proper procedure in forfeiting both bonds. The trial court denied Thrasher’s petitions and signed a written judgment to that effect on October 30, 1991. Thrasher appeals.
BOND FORFEITURE LAW
The statutory provision directed at forfeiture and collection of bonds executed by a personal surety is found at LSA-R.S. 15:85 B(l):
B. All bonds taken to secure the appearance of any person before any district court, executed by a personal surety, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond whose address is on the face thereof and shall execute an" affidavit of the mailing, and place it in the record.
LSA-C.Cr.P. Art. 337 provides:
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three *877 days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.
DISCUSSION
Thrasher’s primary argument on appeal is that the trial court erred in denying his petitions to have the judgments of bond forfeiture set aside because the state failed to strictly comply with the applicable statutory procedure.

Adkins’ Bond Forfeiture

At the hearing to set aside the judgment of bond forfeiture, Laura Otwell, Deputy Clerk in the Jackson Parish Clerk of Court’s Office, testified that she mailed a copy of the judgment of bond forfeiture on Adkins to Thrasher on April 4, 1990. Ot-well further stated that the notice of judgment of bond forfeiture was sent to Thrasher by regular mail. An affidavit to this effect appears on the back of the judgment of bond forfeiture.

Evans’ Bond Forfeiture

At the hearing to set aside the judgment of bond forfeiture in Evans’ case, Sylvia Fuller, Clerk of Criminal Records in Jackson Parish, testified that the notice of judgment of bond forfeiture was sent to Thrasher by regular mail. An affidavit to this effect appears on the back of the judgment of bond forfeiture.
In order to obtain a judgment of bond forfeiture against a surety, the state must strictly comply with the terms of the statute regulating bond forfeiture. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Likens, 577 So.2d 285 (La.App. 3d Cir.1991).
(b) "Notice to the defendant,” for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety.
The purpose of enforcing strict compliance with notice provisions is to assure that the surety can quickly identify its bond obligations; prompt and adequate notice enhances the surety’s chance of locating the defendant and surrendering him to the court for trial. State v. Brown, 577 So.2d 704 (La.App. 2d Cir.1991); State v. Bullock, 412 So.2d 1059 (La.1982).
Thrasher assails both judgments of bond forfeiture on the grounds that the state failed to notify him of the entry of these judgments by certified mail, return receipt requested in accordance with LSA-R.S. 15:85 A(l)(b).x The state counters this argument by pointing out that the statute differentiates between the forfeiture and collection procedures applicable against surety companies authorized to do business in Louisiana or their agents and that applicable against personal sureties.
Indeed, the only place where a certified mailing requirement is found is in R.S. 15:85 A(1)(b) which describes “notice to the defendant.” This language is found in the statutory scheme which pertains to surety companies or their agents. Both appearance bonds, as well as the testimony of record, indicate that Thrasher is a personal surety. Thrasher does not argue that he is not a personal surety. R.S. 15:85 B outlines the exclusive forfeiture and collection procedure applicable where the bond has been executed by a persona] surety. No language of that provision supports Thrasher’s contention that the state was mandated to notify him of the bond forfeiture judgments by certified mail.
In each case, witnesses testified that the notices required by R.S. 15:85 B(1) were mailed to Thrasher at the same Jonesboro address as appears on the appearance *878 bonds. No assertion is made that Thrasher’s address has ever changed. The testimony in each case was that the notices were mailed to Thrasher as required by the statute promptly after entry of the judgments.
Thrasher testified that he never received the notices in either case, however, we find that the evidence supports the trial court’s conclusion that the state properly complied with all the statutory requirements to obtain the bond forfeitures. While it can be argued that a certified mailing requirement would eliminate the type of dispute before us, we do not find that the applicable statutory provisions require certified mailing to the personal surety under the circumstances of these two consolidated cases.
Thrasher makes other claims regarding the invalidity of the judgment of forfeiture, however, they are without merit. Evidence in this case shows that the judgment of bond forfeiture was recorded on November 15, 1988, some seven days after its rendition; however, we deem this action to be timely under the statute. Additionally, when the writ of fieri facias was issued in February 1991, more than the requisite six months had elapsed since the notice was mailed to Thrasher, thus, the issuance of the writ of fieri facias was proper.
Appellant’s remaining argument is that the judgment of bond forfeiture in the Adkins case was improper because the state failed to abide by the time period for prosecution under LSA-C.Cr.P. Art. 578. The record shows that the Adkins bill of information was filed on April 3, 1990, the same day the bond was forfeited. Appellant’s argument that the prosecution was not timely instituted is without merit.
CONCLUSION
For the foregoing reasons, the trial court judgment which found both of the bond forfeitures to be properly entered and the resulting writ of fieri facias and seizure of appellant's funds were properly entered under the circumstances in this case. All costs are assessed against appellant.
AFFIRMED.

. LSA-R.S. 15:85 A(l)(b) provides: