WHIPPLE, Judge.
The defendant, Juanita Sanford, was arrested and charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967 C., and LSA-R.S. 40:964. On December 14, 1989, the defendant and Ranger Insurance Company (Ranger), a commercial surety, posted a $3,000.00 appearance bond.
When defendant failed to appear on March 8, 1990, the trial court granted the State’s motion for forfeiture of the bond. On March 12, 1990, notice was mailed to Ranger that a judgment of bond forfeiture had been rendered in open court. A minute entry was made on that date which states: “[T]he Court rendered judgment herein in favor of the State of Louisiana and against the principal and the surety, jointly and in solido, in the full amount of Three Thousand ($3,000.00) dollars, together with judicial interest theron as provided by law. Written judgment will be signed accordingly.” However, no formal judgment of bond forfeiture was ever signed. Accordingly, while the Clerk’s office issued notice of defendant’s non-appearance and “entry of the forfeiture,” no notice of judgment of bond forfeiture was ever issued or sent to Ranger.
On March 17,1992, Ranger filed a “Motion to Set Aside the Judgment of Bond Forfeiture/Petition for Nullity of Judgment.” A hearing on the motion was held on May 6, 1992, at which time the attorney for the State conceded that no written judgment of bond forfeiture had been signed in the proceedings. At the hearing, the State’s attorney initially contended that no written judgment of forfeiture was necessary. When the trial court disagreed, the State’s attorney then requested that the trial judge sign a written judgment in accordance with the minute entry of two years previous, ordering forfeiture of the bond. The trial court refused to sign the judgment and ordered that the surety be released from its bond obligation. On May 20,1992, the trial court signed a judgment in favor of Ranger, declaring the “judgment” rendered in open court on March 8, 1990, an absolute nullity and releasing Ranger from *1223 any obligation on the bond. From this judgment, the State appeals, contending that the trial court erred in releasing the surety from its bond obligation.
DISCUSSION
LSA-R.S. 15:85 A(l)(a) establishes the procedure for forfeiture of appearance bonds before district courts, as follows:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the fall amount thereof After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the fact thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with the Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond. (Emphasis added.)
The jurisprudence has consistently held that bond forfeitures are not favored and the State must strictly comply with all statutory requirements before a judgment of bond forfeiture can be rendered. State v. Hathaway, 403 So.2d 737, 739 (La.1981). LSA-R.S. 15:85 states that the trial judge shall forthwith enter a judgment decreeing the forfeiture of a bond. Thus, the issue before this court is whether the trial court erred in refusing to sign a judgment decreeing the bond forfeited, given the two-year delay between the defendant’s non-appearance and the State’s subsequent attempt to obtain a written judgment. Stated another way, the issue is whether a two-year delay between the defendant’s non-appearance and the bond forfeiture comports with the statutory requirement that the court “forthwith” enter a judgment of forfeiture upon the defendant’s non-appearance.
In Hathaway, 403 So.2d at 737 n. 1, the Supreme Court indicated that a twelve-day delay between the defendant’s non-appearance and the forfeiture was unacceptable. In State v. Watson, 596 So.2d 1393 (La.App. 4th Cir.1992), the court held that a four year delay was unacceptable and vacated a judgment of bond forfeiture rendered against the surety four years after the defendant’s failure to appear. In this case, the defendant failed to appear on March 8,1990. The State attempted to have a judgment of bond forfeiture reduced to writing and signed on May 6, 1992, over two years after the defendant’s non-appearance. We conclude that this two year delay does not comport with the statutory requirement that the court “forthwith” enter a judgment of bond forfeiture, and the trial court did not err in releasing the surety from all obligations under the bond.
STATE’S MOTION TO DISMISS THE APPEAL
A supplemental appellate brief was submitted to this Court by the State. In its supplemental brief, the State argues that the surety did not assert its defense to the bond forfeiture within the sixty-day appeal period set forth in LSA-R.S. 15:85 A(2)(a). Therefore, according to the State, the trial court’s judgment releasing the surety from the bond obligation is a nullity because the trial court was without jurisdiction to consider the surety’s motion. We disagree.
As the State correctly notes, LSA-R.S. 15:85 A(2)(a) establishes a sixty day period to assert a defense to a bond forfeiture judgment. However, that sixty-day period commences with the clerk’s mailing of proper *1224 notice of the bond forfeiture judgment to the principal and the surety, as required by LSA-R.S. 15:85 A(l)(a). See State v. Kennedy, 581 So.2d 756 (La.App. 5th Cir.1991); State v. Brown, 577 So.2d 784 (La.App. 2nd Cir.1991). Inasmuch as no written judgment was rendered in this case, the sixty-day appeal period is inapplicable and not dispositive of this case. Accordingly, the State’s motion to dismiss the appeal is denied.
CONCLUSION
Based on the above and foregoing, we find no error in the trial court’s judgment, releasing the surety from any obligation under the bond. Accordingly, the May 20, 1992, judgment of the trial court is hereby affirmed. Costs are not assessed. See LSA-R.S. 13:4521.
AFFIRMED.
GONZALES, J., dissents.