STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-136

STATE OF LOUISIANA

VERSUS

ALEX PERAZA

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 144171
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.

REVERSED AND RENDERED.

Kay Karre' Gautreaux
Public Defenders Office
405 W. Convent St.
Lafayette, LA 70501
(337) 232-7747
COUNSEL FOR DEFENDANT/APPELLEE:
    Alex Peraza

**Craig D. Little**
**Little and Bousquet, LLC**
**233 N. College Road**
**Lafayette, LA 70506**
**(337) 234-1932**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Financial Casualty and Surety, Inc.**
    **Adam Romero**
    **All Knight Bonding**

**Keith Stutes**
**District Attorney**
**Fifteenth Judicial District**
**Emilia Pardo**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **State of Louisiana**

**SAUNDERS, JUDGE.**

This is a case in which Defendant, upon release after arrest, failed to appear for arraignment, the State moved for forfeiture of Defendant's bond, and the trial court entered judgment of bond forfeiture. Surety subsequently moved to set aside the judgment of bond forfeiture, which the trial court granted. The State appealed.

The sole issue before the court is whether the trial court was legally correct in setting aside a bond forfeiture when the surety failed to timely file its motion pursuant to La.Code Crim.P. art. 349.5. and failed to prove a non-forfeiture situation pursuant to La.Code Crim.P. art. 349.9.[1]

**FACTS AND PROCEDURAL HISTORY:**

Defendant, Alex Peraza, was arrested for violation of La.R.S. 14:35.3, Domestic Abuse Battery. Immediately following arrest, Defendant secured a commercial surety bond with Financial Casualty and Surety, Inc. ("Surety"), and AAA All Knight Bail Bonding ("Agent"), in the amount of $2,500. Defendant subsequently failed to appear in court, and the State moved for forfeiture of Defendant's bond. A judgment of bond forfeiture in favor of the State against Defendant, as principal, and Surety, as commercial surety, in the amount of $2,500 was signed on May 14, 2014, and notice of signing of judgment mailed on May 27, 2014.

On April 14, 2015, three hundred and twenty-two days after mailing of the notice of the signing of the judgment of bond forfeiture, Surety filed a motion to overturn judgment of bond forfeiture. Surety alleged that within the time frame of mailing of the notice of bond forfeiture, Defendant was continuously in and out of State custody until he was deported, and that it was only by the actions of

---

[1] Louisiana Code of Criminal Procedure Articles 343 to 349 were repealed by Acts 2016, No. 613, § 4, eff. Jan. 1, 2017. However, at all times relevant to this appeal, these provisions were in effect and applicable.

Immigration and Customs Enforcement ("ICE"), from whose custody he had allegedly been in, and the State, from whose custody he had been released, that he was placed outside of the availability of the bonding company to turn him in. On the basis of those allegations, Surety prayed for judgment overturning the bond forfeiture.

The surety's motion was set for hearing on March 29, 2016, upon the State's request. Subsequently, as a matter of courtesy to Surety's counsel, the State requested that the hearing be reset for July 19, 2016.

On July 18, 2016, the State filed a memorandum in opposition to motion to overturn judgment on bond forfeiture. Counsel for Surety did not appear at the July 19, 2016, hearing. Rather, a stand-in appeared and requested a continuance to which the State objected. The hearing was continued to September 27, 2016.

On September 27, 2016, the State argued that Surety and its counsel did not comply with the requirements of La.Code Crim.P. art. 349.5 and La.Code Crim.P. art. 349.9 necessary to have the bond forfeiture overturned. After oral argument, the trial court granted Surety's motion to have the surety bond obligation overturned, and judgment was signed on October 26, 2016. On November 3, 2016, the State filed a motion and order for devolutive appeal from the signed judgment making the ruling a final appealable judgment of the court.

**ASSIGNMENTS OF ERROR**:

1. The trial court improperly granted the motion to overturn judgment of bond forfeiture, as Surety did not timely file its motion pursuant to La.Code Crim.P. art. 349.5.

2. Surety failed to prove a non-forfeiture situation pursuant to La.Code Crim.P. art. 349.9.

**ASSIGNMENT OF ERROR NUMBER ONE**:

2

The State asserts that the trial court erred in granting the motion to overturn judgment of bond forfeiture, as surety did not timely file its motion pursuant to La Code Crim.P. art. 349.5. We agree.

When an issue raised on appeal posits a question of law, the standard of review is de novo wherein the appellate court determines whether the lower court was legally correct. *Tran v. Williams*, 10-1030 (La.App. 3 Cir. 2/9/11), 56 So.3d 1224.

Louisiana Code of Criminal Procedure Article 349.5 stated in pertinent part (emphasis added):

> A.(1) The defendant and his sureties shall be entitled to assert defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court that issued the judgment of bond forfeiture within *sixty days* after the date of mailing the notice of signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be deemed by the court within one hundred eighty days of the date of mailing the notice of signing of the judgment of bond forfeiture.
>
> (2) Nullity actions pursuant to Code of Civil Procedure Article 2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by use of ordinary civil proceedings.
>
> B. The defendant and his sureties shall be entitled to assert defenses pursuant to Articles 345-349.9 by use of summary proceedings in the criminal matter before the trial court that issued the judgment of bond forfeiture within *one hundred eighty days* after the date of mailing the notice of the signing of the judgment of bond forfeiture.

Civil in nature, a bond forfeiture is subject to the special rules set forth in the Louisiana Code of Criminal Procedure. *Bankers Ins. Co. v. State*, 37,080 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644, *writ denied*, 03-1240 (La. 6/27/03), 847 So.2d 1268. *See also, State v. Kenning*, 563 So.2d 1209, 1211 (La.App. 5 Cir.1990). Prior to being repealed, yet applicable to the case before us, La.Code Crim.P. art. 349.5 allowed a surety and/or a defendant to bring defenses and actions in nullity

3

by use of summary proceedings in the criminal matter before the trial court that issued the judgment of bond forfeiture. "Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." La.Code Civ.P. art. 2591. Louisiana Code of Civil Procedure Article 2593 states, in pertinent part, "[a] summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law."

> Upon reasonable notice a summary proceeding may be tried in open court or in chambers, in term or in vacation; and shall be tried by preference over ordinary proceedings, and without a jury, except as otherwise provided by law.
>
> The court shall render its decision as soon as practicable after the conclusion of the trial of a summary proceeding and, whenever practicable, without taking the matter under advisement.

La.Code Civ.P.art. 2595.

Here, on April 14, 2015, Surety filed a summary proceeding, via a contradictory motion to overturn judgment of bond forfeiture, three hundred and twenty-two days after notice of signing of the judgment of bond forfeiture was mailed on May 27, 2014. This is clearly in excess of the sixty and one hundred and eighty day time limits allowable for summary proceedings under La.Code Crim.P. art. 349.5.

Given the above, we find that the trial court erred in granting Surety's motion to overturn judgment of bond forfeiture via a summary proceeding. Therefore, we reverse the trial court's judgment of October 26, 2016, granting Surety's motion to set aside judgment of bond forfeiture. The original judgment of May 14, 2014, forfeiting the bond in this matter is reinstated.

**ASSIGNMENT OF ERROR NUMBER TWO**:

The State asserts that Surety failed to prove a non-forfeiture situation pursuant to La.Code Crim.P. art. 349.9. Our finding in Assignment of Error Number One that the trial court erred in granting Surety's motion to overturn judgment of bond forfeiture via summary proceeding because it was untimely under La.Code Crim. P. art. 345.9 pretermits this assignment of error.

**CONCLUSION**:

The State asserts two assignments of error as to why the trial court improperly granted Financial Casualty and Surety, Inc.'s and AAA All Knight Bail Bonding's motion to overturn a judgment of bond forfeiture. We find merit to the State's first assignment of error that the use of contradictory motion, a summary proceeding, was improper in this matter as it was untimely under La.Code Crim.P. art. 349.5. This finding pretermits the State's second assignment of error.

For the foregoing reasons, we reverse the trial court's October 26, 2016 judgment which vacated and set aside the bond forfeiture. Further, we reinstate the judgment of bond forfeiture rendered by the trial court on May 14, 2014.

**REVERSED AND RENDERED.**