JiCIACCIO, Judge.
In this bond forfeiture action, the surety, Ranger Insurance Company, appeals from a decision of the trial court which vacates an earlier order setting aside a judgment of bond forfeiture. We affirm the trial court’s ruling.

FACTS

On October 1, 1993, Kendrick Doyle was charged with four counts of public intimidation of a police officer, a violation of La. R.S. 14:122, and with resisting an officer, a violation of La.R.S. 14:108. On October 4, 1993, Ranger Insurance Company placed a surety bond in these criminal proceedings on behalf of Kendrick Doyle, thereby obtaining his release.
On August 8, 1994, Kendrick Doyle failed to appear in court for his arraignment. A judgment of bond forfeiture was rendered on that date in favor of the State of Louisiana and against Kendrick Doyle and Ranger Insurance Company in the full amount of the bond $7,500.00. The judgment was signed on August 11, 1994, and notice of the signing of the judgment of bond forfeiture was mailed to all parties to these proceedings, including the defendant, the bondsman and the surety, on September 13,1994.
On March 30,1995, a rule to show cause to enforce the judgment of bond forfeiture was filed by the State of Louisiana with the Commissioner of Insurance. Hearing was set on this rule for May 16,1995.
On April 1, 1995, Kendrick Doyle was surrendered to the St. Bernard 12Parish Sheriffs office, and he appeared in Magistrate Court on April 3, 1995, and pled not guilty to all charges pending against him. Doyle subsequently entered a guilty plea to two of the charges, and received a suspended sentence and a fine. The remaining charges against him were dismissed.
On May 15, 1995, the surety filed an ex parte motion seeking to set aside the judgment of bond forfeiture, alleging that defendant was surrendered and the forfeiture of the bond was therefore unnecessary. On May 17, 1995, an order was rendered by the trial court without a hearing vacating and *500 setting aside the judgment of bond forfeiture signed on August 11, 1994. There is no indication in the record that the State of Louisiana was served with notice of this motion and order.
On September 21, 1995, the State of Louisiana filed a Rule to Show Cause seeking to vacate the court’s May 17, 1995 order. This matter was set for hearing on October 30, 1995. On October 23, 1995, the surety filed into these proceedings a Petition for Nullity of Judgment of Bond Forfeiture, and further requested a stay order of the bond forfeiture judgment. The surety also filed an exception of unauthorized use of summary proceedings, alleging that the rule to show cause brought by the State of Louisiana was improper.
This matter was heard in the trial court on December 4, 1995, and the court rendered judgment on that date denying the surety’s exception of unauthorized use of summary proceedings. The trial court also ordered that the order signed on May 17, 1995 to set aside the judgment of bond forfeiture be set aside and vacated. From this ruling, the surety has brought this devolutive appeal.

ISSUES

On appeal, the surety presents two issues for our review:
I3I) Whether an action to set aside a judgment of a trial court can be presented in a summary proceeding, and 2) Whether the late surrender of a defendant defeats the right of a surety to have a judgment of bond forfeiture set aside, when the prosecution is completed prior to the collection of the judgment.

DISCUSSION

Use of Summary Proceedings

Appellant first argues that the State’s attempt to vacate the previous ruling of the trial court setting aside the judgment of bond forfeiture was actually a petition for nullity which must be brought in a direct action, citing La.C.C.P. art. 2001, et seq. Based on this reasoning, appellant contends that the trial court erred in denying its exception of unauthorized use of summary proceedings.
However, the procedure for setting aside a judgment of bond forfeiture is specifically governed by LSA-R.S. 15:85, et seq. R.S. 15:85(3) and (5) provide that notice of signing of the judgment of bond forfeiture shall be mailed according to law by the clerk of court, and the defendant and his sureties are entitled to bring defenses and actions in nullity to such judgment by use of summary proceedings within sixty days from the mailing of the notice. R.S. 15:85(9) provides that other nullity actions must be brought by the use of ordinary civil proceedings pursuant to La.C.C.P. art. 2001, et seq.
In the present case, the record shows that notice of signing of the bond forfeiture was mailed according to law to the defendant and the surety on September 13, 1994. The record further shows that the surety failed to bring any defense or action of nullity to the judgment of bond forfeiture within the |4sixty days provided by R.S. 15:85(5). Rather, on May 15, 1995, over eight months after the mailing of the notice of the signing of the judgment, the surety brought an ex parte motion to set aside the judgment of bond forfeiture based on defendant’s surrender. Although an order was signed by the trial court on May 17,1995 vacating the judgment of bond forfeiture, there is no evidence in the record that the State was notified of this motion and order.
Under the specific provisions of this statute, after the passage of sixty days from the mailing of the notice of judgment, the surety was precluded from attacking the judgment via summary proceedings, and the ex parte motion and order to set aside the judgment of bond forfeiture was improvidently filed.
Further, the trial court signed the May 17 order on an ex parte motion from the surety which vacated a previous judgment of the court. The State did not consent to this motion and order, and there is no indication that the State was notified of the filing of this motion or of the resulting order. As such, the order rendered constitutes an absolute nullity, because it includes “defects patent on the face of the proceedings.” See, Webster v. Boh Bros. Const. Co., Inc., 603 So.2d 761 (La.App. 4 Cir.1992) and Garnett v. Anear, 203 So.2d 812 (La.App. 4th Cir.1967).
*501 As the order rendered by the trial court was an absolute nullity, the State was not required to bring a separate, direct action for nullity in order to have the nullity of the judgment recognized. Under these circumstances, the trial court did not err in denying the surety’s exception of unauthorized use of summary proceedings.

Surrender of the Defendant

Appellant next contends that because defendant was surrendered, although outside the time period allowed by law, and all charges against him were | .¡disposed of, the State should not be allowed to enforce the judgment of bond forfeiture. We do not agree.
LSA-R.S. 15:85(10) provides that a judgment of forfeiture shall be satisfied where the defendant appears or is surrendered within six months after mailing of the notice of the signing of the judgment. Appellant admits that in the present case defendant was not surrendered until 21 days after the expiration of the six month period, but argues that the State was not prejudiced by this delay as defendant pled guilty and was sentenced on the charges brought against him.
In Louisiana, bond forfeitures are not favored, and the State must comply strictly with statutory provisions. Further, the provisions of the bond forfeiture statute with regard to appearance of the defendant as releasing the surety from liability have also been strictly construed by this court. In State v. McCreary, 619 So.2d 755 (La.App. 4 Cir.1993), although the magistrate court noted that a harsh remedy was created by forfeiting a bond where defendant was surrendered ten days after six month period, this Court held the surrender to be untimely and found the judgment of bond forfeiture was proper.
In the present case, the record shows that notice of signing of the judgment of bond forfeiture was mailed to the defendant, Ranger Insurance Company as surety, and to the bondsman as agent for Ranger on September 13, 1994 by certified mail. The record further contains the return receipts on these mailings, showing the notice was received by the surety and its agent on September 21, 1994. The six month period set forth in R.S. 15:85(10) ended on March 13, 1995, and the record shows that defendant was not surrendered to the St. Bernard Parish Sheriffs Office until April 1,1995, almost three weeks after the expiration of the six month period.
| fiThe record in this case indicates strict compliance with the statutory provisions by the prosecuting attorney. Based on the express provisions of the statute governing the forfeiture of surety bonds established by the state legislature, and considering the strict construction of this statute by Louisiana courts, we find no error in the ruling of the trial court vacating the May 17, 1995 order that had vacated the judgment of bond forfeiture based on the surrender of the defendant. Under the circumstances presented here, we find no basis in law for the surety’s motion and order vacating the judgment of bond forfeiture or for the release of the surety from liability.

CONCLUSION

Accordingly, for the reasons stated herein, the judgment of the trial court rendered on December 5, 1995 is hereby affirmed. Appellant is to bear all costs of this appeal.

AFFIRMED.