894 So.2d 496 (2005)
STATE of Louisiana
v.
Demetrio B. RIVERA.
No. 04-CA-822.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2005.
*497 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, R. Christopher Cox, III, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Kenneth J. Beck, Julie C. Tizzard, Gretna, LA, for Surety/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Appellant, Bankers Insurance Company, appeals from a trial court's ruling that denied its Motion To Set Aside Judgment Of Bond Forfeiture. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
On March 10, 2003, Demetrio Rivera was arrested and charged with a violation of LSA-R.S. 14:62.3, unauthorized entry of an inhabited dwelling. The reporting officer learned that Rivera was an illegal immigrant and subsequently notified The United States Immigration and Naturalization Service. On March 11, 2003, appellant, Bankers Insurance Company ("Bankers") posted bond for Rivera, who was ordered to appear for an arraignment on April 22, 2003. Rivera was then voluntarily deported to Mexico on March 12, 2003.
When Rivera did not appear for his arraignment on April 22, 2003, a Judgment Forfeiting Bail Bond was issued in favor of the State of Louisiana against Bail Bonds Unlimited and Bankers on that same date. Notice of the forfeiture was sent to Rivera at his last known address via certified mail, however the notice was sent back as undeliverable. Bail Bonds received notice of the forfeiture on May 6, 2003, and Bankers received the notice of forfeiture on May 8, 2003.
Bankers filed a Motion To Set Aside Judgment Of Bond Forfeiture And Petition For Nullity Of Judgment in the first week of November, 2003, which was heard by the trial court on January 28, 2004. After the trial court denied Banker's motion in a judgment dated February 13, 2004, Bankers timely filed the present appeal.

LAW AND ANALYSIS
On appeal, Bankers asserts that the trial court erred in failing to set aside the Judgment of Bond Forfeiture on the following grounds: 1) the government prevented the defendant from appearing at the scheduled hearing; 2) the surety company cannot pursue the defendant into another country; 3) bond forfeitures are not favored by law, and; 4) the judgment should have been set aside in the interest of justice and equity.
LSA-R.S. 15:87 provides:
A. No judgment decreeing the forfeiture of an appearance bond shall be rendered, if it is shown to the satisfaction *498 of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:
(1) He has a physical disability, illness, or injury.
(2) He is being detained in the jail or penitentiary of another jurisdiction.
(3) He is serving in the armed forces of the United States.
B. A sworn affidavit of the jailer, warden, physician, commanding officer, or other responsible officer where the principal is detained, who attests to the cause of the defendant's failure to appear shall be considered adequate proof of the defendant/principal's inability to appear.
C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for reasons enumerated in this Section, the court shall declare the judgment of bond forfeiture null and void if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within six months of the mailing of notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for the causes enumerated in this Section.
The trial court concluded in its Judgment:
. . . R.S. 15:87 which covers nonforfeiture situations is inapplicable to this case. The statute clearly lists those instances that are considered nonforfeiture situations. The deportation, especially a voluntary one, of a defendant and subsequent failure to appear at a scheduled hearing is not a nonforfeiture situation. The basic concept of the bail obligation is to make certain that a defendant appears in court with the surety paying a financial penalty when he fails to do so. Nowhere in the criminal code is there a provision that allows a surety to relieve itself of liability because of an inability to surrender the defendant. Defendant was an illegal alien and despite this fact, Bankers chose to post a bond for defendant and cannot now be relieved of its bond obligation because the defendant was deported to Mexico.
Bankers asserts that although deportation is not listed in LSA-R.S. 15:87 as a non forfeiture situation, "there is no case law that settles the issue of whether this statute is illustrative or exhaustive." Bankers concludes that, by analogy, it should be relieved of liability due to the inability of the defendant to attend the hearing.
The State argues, however, that as Bankers defense of deportation did not meet any of the criteria set forth in LSA-R.S. 15:87, the proper procedural vehicle would have been for Bankers to challenge the bond forfeiture under LSA-R.S. 15:85, which provides in relevant part:
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the *499 signing of the judgment of bond forfeiture. [Emphasis added.]
The State further argues that, pursuant to the foregoing article, since Bankers was not asserting a defense under Code of Criminal Procedure Art. 345 and R.S. 15:87, in order for Banker's Motion To Set Aside the judgment to be timely, it should have been filed within sixty days from the mailing of the notice. We agree.
As this Court recently noted in the case of State v. Ainsworth:[1]
Only those defenses based upon C.Cr.P. art. 345 and R.S. 15:87 may be raised, in summary proceedings, as late as the six month time period found in the last sentence of R.S. 15:85(5). Other defenses must be raised within sixty days of the mailing of the notice of bond forfeiture.
Clearly, the defense of deportation is not enumerated as nonforfeiture situation under LSA-R.S. 15:87. Therefore, LSA-R.S. 15:85(5) would govern in regard to any other defenses raised by Bankers. In the present case, the record shows that Bankers received notice of the signing of the judgment of bond forfeiture on May 8, 2003, yet did not file its Motion To Set Aside Judgment Of Bond Forfeiture And Petition For Nullity Of Judgment until the first week of November, 2003, well over the sixty days set forth by LSA-R.S. 15:87. On its face, Bankers motion was not timely.
For the foregoing reasons, we find that the trial court's judgment denying the Motion to Set Aside Judgment of Bond Forfeiture was not error, and accordingly, we affirm.
AFFIRMED.
NOTES
[1] 04-177 (La.App. 5 Cir. 6/29/04), 878 So.2d 864.