HUGHES, J.
_[¿The state seeks review of the trial court’s judgment relieving and discharging Safety National Casualty Corporation as surety from the judgment of bond forfeiture. The issue for review is whether the defendant’s presentment of herself at the Ascension Parish Sheriffs Office is sufficient under LSA-R.S. 15:85 to provide relief from a judgment of bond forfeiture. After a thorough review of the record and relevant jurisprudence, we adopt the trial court’s reasons for judgment, annexed hereto. We agree with the trial court that an “appearance” as contemplated by LSA-R.S. 15:85(10) does not require that the defendant appear “of record” or “in court.” Therefore, we find that the trial court’s decision was legally correct. Furthermore, we find no manifest error in the trial court’s factual finding that the defendant presented herself at the sheriffs office resulting in the bench warrant being recalled by the court. The trial court’s judgment is affirmed in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.2A(5), (6), (7), and (8). All costs of this appeal, in *553 the amount of $894.00, are assessed against the state-appellant.
AFFIRMED.
| .APPENDIX
State of Louisiana v. Angela Melancon.
No. 14,900.
23- JUDICIAL DISTRICT COURT
STATE OF LOUISIANA.
Filed Feb. 3, 2004.

REASONS FOR JUDGMENT

Facts and Procedural History

On June 25, 2002, the defendant, Angela Melancon (hereinafter “Melancon”), was arrested and charged under La. R.S. 40:971(B) with Possession of a Controlled Dangerous Substance By Fraud. After posting a bond in the amount of twenty thousand dollars ($20,000.00) issued by Safety National Casualty Corporation (hereinafter “Safety National”), Melancon was released from the custody of the Ascension Parish Jail on or about March 8, 2002. For reasons alleged herein, Safety National filed a “Motion for Release and Discharge of a Surety.”
On August 2, 2002, Melancon was formally arraigned and entered a plea of not guilty. She was given an open court notice to appear on September 5, 2002 for a motion hearing. The defendant failed to appear before the Court on that date. Accordingly, the Court entered a bench warrant and signed a bond forfeiture judgment against Melancon, as principal, and Safety National, as surety. Notice of the judgment was sent to the defendant (Me-lancon), the surety (Safety National), and the agent (Kirklin Bail Bonds).' On February 19, 2003, Melancon and an officer from Safety National went to the Ascension Parish Sheriffs Office. After being informed that Ms.'Melancon was at the Ascension Parish Sheriffs Office, the Court issued an order in writing to recall the bench warrant previously issued against Melancon. The Ascension Parish Sheriffs Office then issued her a notice for a new court date of March 6, 2003. The defendant did not appear for the March 6th court date. However, on July 10, 2003, Melancon did appear in court to change her, plea to guilty and to be sentenced.
Under Code of Criminal Procedure Article 311, bail is defined as the security given by a person to assure his appearance before the 'proper court whenever required. In this case, the defendant, Angela Melancon, appeared before the court on July 10, 2003 and entered a guilty plea. She was then sentenced to five (5) years in the Department of Corrections and placed on probation. Therefore, she does not have any further responsibility under her bond obligation. J^Code of Criminal Procedure Article 348 states that “the court shall order the bail bond cancelled when there is no further liability thereon.”
The issue now before the court is whether Safety National is entitled to relief from the bond forfeiture judgment previously issued by the court. Safety National claims they are entitled to relief from the bond forfeiture pursuant to La. R.S. 15:85(10). The surety argues that the appearance of Angela Melancon at the Ascension Parish Sheriffs office constituted an “appearance” under the article. . Since the Court recalled the bench warrant and the sheriff served upon Melancon a new court date notice, Safety National argues that it is entitled to be discharged from the bond forfeiture judgment. See Memorandum in Support of Motion For Discharge and Release of Surety, pg.5.
*554 The State argues that the Defendant neither appeared nor was surrendered as required under the bond forfeiture statute La. R.S. 15:85(10). The State also claims that any appearance must be “of record” and in court in accordance with the law, and that because Melancon’s appearance did not constitute an “of record” appearance, the Court cannot allow Safety National to be discharged from the bond forfeiture judgment. See State Post>-Trial Memo, pg.5.
A hearing on the Motion for Discharge and Release of Surety was held before the Court on November 4, 2003. The Court took the matter under advisement allowing all parties time to brief the issues and respond to the brief filed by other party.

LAW AND DISCUSSION

The motion filed by Safety National, a commercial surety, is subject to the rules set forth in the Louisiana Code of Criminal Procedure and the Revised Statutes, specifically La.C.Cr.P.arts. 328-343 and La. R.S. 15:81-15:89 See State v. Wheeler, 508 So.2d 1384 (La.1987), rehearing denied (La.9/3/87). In order for the Court to set aside a bond forfeiture judgment against a surety, the defendant must make an appearance or surrender, in accordance with the law, within six months of the mailing of the notice of the judgment of the bond forfeiture State v. Reed, 667 So.2d 586 (La.App.2d Cir. 1/24/96), rehearing denied, writ denied 672 So.2d 907 (La.4/26/96); La. R.S. 15:85(10). The Code of Criminal Procedure, article 345 provides the proper procedures for the surrender of the defendant. La.C.Cr.P.art. 345(A) reads as follows:
A. A surety may surrender the defendant or the defendant may surrender himself, in open court, or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. For the purpose of surrendering the defendant, the surety may arrest him. Upon surrender |Rof the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. Thereafter, the surety shall be fully and finally discharged and relived of any and all obligation under the bond La.C.Cr.P.art.345(A).
Although specific procedures are detailed within the Criminal Code regarding the manner of surrendering a defendant, Louisiana law provides no such legislative requirements for what qualifies as an “appearance” under the bond forfeiture judgment relief statute, La.R.S. 15:85.
At the trial on the motion, an agent from Surety National testified that he personally escorted Melancon to the Ascension Parish Sheriffs Office. Upon notice that the defendant was in the custody of the Ascension Parish Sheriffs Office, the court recalled the bench warrant previously issued and instructed the sheriff to serve the defendant with a new court date. The record also reflects the written order signed by the court recalling the bench warrant. Melancon did not “surrender” herself due to the fact that the surety was still liable on the bond previously issued.
The issue therefore is whether the action of Ms. Melancon was an appearance in accordance with Louisiana Revised Statute 15:85(10) so as to satisfy the bond forfeiture judgment. Louisiana law does not require that an appearance by the defendant be “of record” as the State attempts to argue, nor that such appearance be “in court”. There are many examples in the Code of Criminal Procedure where an appearance does not have to be an “in court” appearance. In Code of Criminal *555 Procedure Article 230.1, an appearance can be “by telephone or audio-video electronic equipment.” Clearly, the appearance of the defendant at the sheriffs office, the communication with the trial judge, the written order to recall the bench warrant and the service of Ms. Me-lancon by the 'sheriff of a new court date constituted an appearance by Ms. Melan-con in accordance with Code of Criminal Procedüre Article[La.R.S.] 15:85(10). This action by the defendant and the surety mandates the Court to relieve and discharge Safety National from the bond forfeiture judgment previously rendered in accordance with Louisiana Revised Statute 15:85(10).
For the foregoing reasons, the Motion for Discharge and Release of Surety filed by Safety National is GRANTED. The said Judgment signed in Gonzales, Louisiana, this 27th day of January, 2004.
/s/ Guy Holdridge Hon. Guy Holdridge Judge, 23rd Judicial District Court