917 So.2d 630 (2005)
STATE of Louisiana
v.
Michael COSTELLO.
No. 05-CA-386.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
*631 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, John J. Molaison, Jr., Andrea F. Long, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellant, The State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and JAMES C. GULOTTA, Pro Tempore.
SUSAN M. CHEHARDY, Judge.
The State seeks review of the district court's judgment setting aside a bond forfeiture. Finding that the judgment is procedurally improper, we set it aside and reinstate the judgment of bond forfeiture.
The matter began on July 1, 1996 as a proceeding to extradite Michael Costello to the State of New Hampshire. An attachment was issued against the defendant on August 16, 1996. The defendant was arrested on January 7, 1997 and posted a personal surety bond in the amount of $20,000.00 on that date, plus a $5,000 commercial surety bond. When the defendant failed to appear for a hearing on February 19, 1997, another attachment was issued and his bond was ordered forfeited. The certificate of mailing of the judgment of bond forfeiture states the judgment was mailed on February 24, 1997.
On October 6, 1999, at the request of the State, the court recalled the attachments and dismissed the extradition motion.
On February 11, 2005, the defendant filed a Motion and Order to Set Aside Bond Forfeiture, in which he asserted that he had voluntarily appeared at a proceeding subsequent to February 19, 1997, that the bond forfeiture had been set aside by the court in October 1999 when a bench warrant was marked executed, and that the matter had been dismissed by the State for lack of prosecution witnesses. The defendant sought an order canceling the Judgment of Bond Forfeiture previously issued and ordering the Clerk of Court to cancel the inscription of the judgment recorded in MOB 3806, Folio 322. The court signed an order granting the motion on February 11, 2005, with a notation that "Ä surrendered to New Hampshire authorities on 6/25/97."[1]
The State has appealed. It asserts the district court erred in setting aside the bond forfeiture, because the proceeding was procedurally improper and the motion to set aside the bond forfeiture was untimely. The defendant has not made an appearance on the appeal.
*632 A bond forfeiture is essentially a civil proceeding subject to the special rules set forth in the Code of Criminal Procedure. Bankers Ins. Co. v. State, 37,080 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644, writ denied, 03-1240 (La.6/27/03), 847 So.2d 1268. See also, State v. Kenning, 563 So.2d 1209, 1211 (La.App. 5 Cir.1990).
La.R.S. 15:85(5) authorizes a defendant and his sureties to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court that issued the judgment of bond forfeiture. "Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." La.C.C.P. art. 2591. A summary proceeding may be tried in open court or in chambers, in term or in vacation; and shall be tried by preference over ordinary proceedings. La.C.C.P. art. 2595.
La.R.S. 15:85(5) permits a defendant and his sureties "to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing of notice of the signing of the judgment of bond forfeiture." Similarly, the statute also entitles defendant and his sureties to raise defenses pursuant to La. C.Cr.P. art. 345 and La.R.S. 15:87 "by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture." Id. Further, La.R.S. 15:85(10) provides that "[a]ny judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant." Nullity actions not filed within the sixty days provided for filing summary proceedings must be brought by the use of ordinary civil proceeding, pursuant to La.C.C.P. art. 2001, et seq. La.R.S. 15:85(9).
The State points out that here, contrary to La.R.S. 15:85(5), the motion was not presented to the judge in the division that issued the judgment of bond forfeiture (Division J), but rather was presented to the judge in another division (Division N). In addition, the motion does not contain a certificate of service verifying that it was served upon the State. Further, the motion was granted on February 11, 2005, the same date on which it was filed. Therefore, the record does not reflect that a contradictory hearing was scheduled on the motion, but rather indicates that the order setting aside the judgment of bond forfeiture was granted ex parte. Accordingly, the State asserts that the order of February 11, 2005 is null and void.
The defendant's Motion and Order to Set Aside Bond Forfeiture in this case was filed on February 11, 2005, nearly eight years after the certificate of mailing of judgment of bond forfeiture on February 24, 1997. Thus, the motion was filed far past the applicable limitation period authorized for use of summary proceedings.
Only those defenses based upon C.Cr.P. art. 345 and R.S. 15:87 may be raised, in summary proceedings, as late as the six month time period found in the last sentence of R.S. 15:85(5). Other defenses, such as this one, must be raised within sixty days of the mailing of the notice of bond forfeiture.
State v. Ainsworth, 04-177, p. 4 (La.App. 5 Cir. 6/29/04), 878 So.2d 864, 866.
Accordingly, the use of summary proceedings was improper because the motion *633 to set aside the judgment of bond forfeiture was not timely filed. State v. Rivera, 04-822, p. 5 (La.App. 5 Cir. 1/25/05), 894 So.2d 496, 499.
See also, State v. Doyle, 96-1000, p. 4 (La.App. 4 Cir. 11/20/96), 684 So.2d 498, 500, where the court held that an order granting an ex parte motion to set aside a judgment of bond forfeiture without notice to the State was an absolute nullity.
For the foregoing reasons, the judgment setting aside the judgment of bond forfeiture is vacated and the judgment of bond forfeiture is reinstated.
JUDGMENT OF FEBRUARY 11, 2005 VACATED; JUDGMENT OF FEBRUARY 19, 1997 REINSTATED.
NOTES
[1] The record does not support the defendant's assertion that the bond forfeiture was previously set aside in October 1999, nor does it reflect that the defendant and his surety complied with the controlling law relative to his surrender, as set out in La.C.Cr.P. art. 345. There is no evidence of a certificate of surrender, letter of verification of incarceration, or other supporting documentation.