MADELEINE M. LANDRIEU, Judge.
|gThe State of Louisiana appeals the district court’s ruling setting aside a judgment of bond forfeiture upon the motion of the commercial surety, Bankers Insurance Company .(“Bankers”). . For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
On July 12, 2014, the defendant, Daniel Nix, was arrested for disturbing the peace and resisting an officer, violations of La. R.S. 14:103 and 14:108, respectively. Two days later, Mr. Nix posted bail by means of two commercial surety bonds of $500.00 each issued by Bankers. On August 28, 2014, the State filed a bill of information accepting both charges 'against the defendant. On September 17, 2014, Mr. Nix failed to appear for his scheduled arraignment, at which time; the trial court issued an alias capias for the defendant’s arrest and ordered his bonds forfeited via a single judgment in the amount of. $1,000.00. The district court clerk mailed notice of *692 the forfeiture to Bankers and the bail agent on December 19, 2014.
On June 10, 2015, Bankers filed a Motion to Set Aside Judgment of Bond Forfeiture. Bankers contended that it was entitled to be released from its bond | ^obligations because the notice of bond forfeiture was not mailed to it within sixty-days as required by law. The State opposed the motion on the ground that Bankers had not timely filed the motion to set aside. The trial court heard and granted Bankers’ motion on September 9, 2015. The State now appeals that judgment. DISCUSSION
Louisiana Code of Criminal Procedure article 349.2 provides that when the defendant fails to appear, his bond “shall be forfeited and a judgment of bond forfeiture shall be signed” upon motion of the prosecuting attorney, proof of the bail contract and proper notice to the defendant and the surety. Article 349.3 further provides, in pertinent-part:
A. (1) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt affixed thereto to the defendant, the personal surety, the agent, or bondsman who posted the bond for the commercial surety, and the commercial surety at the addresses designated in Article 322 or an address registered with the Louisiana Department of Insurance....
⅜ * *
B. After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
C.Failure to mail notice of the signing of the judgment within sixty days after the defendant fails to appear shall release the sureties of all obligations under the bond.
In Louisiana, bond forfeitures are not favored, and the State must comply strictly with statutory provisions. State v. Doyle, 96-1000, p. 5 (La.App. 4 Cir. 11/20/96); 684 So.2d 498, 501. In the case before us, there is no question that the notice of bond forfeiture was not mailed within sixty days as required by Article L349.3. The record reflects the judgment of bond forfeiture was rendered upon the defendant’s failure to appear on September 17, 2014, and the notice was mailed on December 19, 2014, approximately three months later. According to Article 349.3, the failure to mail notice of the signing of the judgment of bond forfeiture within sixty days of the defendant’s failure to appear “shall release the sureties of all obligations under the bond.”
On appeal, the State argues that the trial court improperly granted the surety’s motion to set aside the bond forfeiture because the motion was not filed timely. The record reflects that the motion was filed on June 10, 2015, approximately six months after the clerk of court mailed the notice of bond forfeiture to the surety. The State argues that pursuant to Louisiana Code of Criminal Article 349.5, the motion had to be filed within sixty days of the mailing of the notice. Article 349.5 provides, in pertinent part:
A. (1) The defendant and his sureties shall be entitled to assert defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court that issued the judgment of bond forfeiture within sixty days after the date of mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding *693 brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred eighty days of the date of mailing the notice of the signing of the judgment of bond forfeiture.
(2) Nullity actions pursuant to Code of Civil Procedure Article 2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.
We find no merit in the State’s argument. Bankers did not assert a defense or action related to the nullity of the judgment of bond forfeiture, as contemplated by Article 849.5. Bankers’ motion to set aside the judgment was instead based upon the district court’s failure to mail notice of the judgment within sixty days, which results in the release of the surety by operation of law in accordance with | ^Article 349.3. We therefore find the trial court did not err by granting the motion to set aside the bond forfeiture.
CONCLUSION
We affirm the judgment of the trial court.
AFFIRMED