James F. Kreihs, Attorney At Law, 200 Jewel Street- Suite B, New Orleans, LA 70124, COUNSEL FOR FINANCIAL CASUALTY & SURETY, INC/APPELLANT
Leon Cannizzaro, District Attorney, Scott G. Vincent, Assistant District Attorney, William Dieters, Assistant District Attorney, District Attorney's Office, Orleans Parish, 619 S. White Street, New Orleans, LA 70119, COUNSEL FOR STATE OF LOUISIANA/APPELLEE
(Court composed of Judge Terri F. Love, Judge Rosemary Ledet, Judge Tiffany G. Chase )
Judge Tiffany G. Chase *208 In this bond forfeiture proceeding Appellant, Financial Casualty & Surety, Inc. (hereinafter "Financial"), seeks review of the trial court's May 12, 2017 judgment sustaining the State of Louisiana's (hereinafter "State") exception of no cause of action. Financial raises two assignments of error: (1) the trial court erred in finding its petition failed to state a cause of action under La. C.C.P. art. 2004 ; and (2) the trial court erred in denying its request to amend the petition pursuant to La. C.C.P. art. 934. After consideration of the record before this Court and the applicable law, we affirm the trial court's judgment granting the exception of no cause of action.
FACTS AND PROCEDURAL HISTORY
Defendant, Cliborn Mosk[1] was charged with possession of various controlled substances; illicit possession of a firearm (having been convicted of a prior felony); and resisting arrest. On May 16, 2013, Financial posted appearance bonds in Orleans Criminal District Court on behalf of the defendant in the amount of $16,000. Trial was scheduled for June 23, 2014, but was ultimately continued to March 30, 2015.
Neither the defendant nor his attorney appeared for trial. The trial court issued a bench warrant for defendant's arrest and signed judgments of bond forfeiture. On May 10, 2015, a notice of signing of judgment for bond forfeiture was timely mailed to Financial, Troy's Bail Bonds (Financial's agent), and the defendant. No appeal was taken.
On May 18, 2015, the defendant's attorney appeared in court to address why neither he nor his client appeared for trial. The trial court accepted the defendant's appearance through his attorney, waived the defendant's presence and recalled the bench warrant. However, the trial court did not set aside the judgments of bond forfeiture. The defendant did not personally appear in court until July 20, 2016.
On August 5, 2016, the State sent a demand for payment to Financial for numerous unpaid judgments of bond forfeiture, including the bonds for the defendant. After Financial failed to make payment, the State filed a motion for contempt. A contradictory hearing was set for September 16, 2016, and notice was given to Financial through the Secretary of State. Financial failed to make an appearance at the hearing and the Court ordered a fine of $500.00 with an additional $500.00 per day until paid.
On September 28, 2016, Financial filed a petition for nullity of judgments of bond forfeiture pursuant to La. C.C.P. art. 2004. In response, the State filed exceptions of *209 no cause of action; unauthorized use of summary proceedings; insufficiency of citation; and service of process and vagueness and ambiguity of the petition. The hearing on the exceptions was held on May 12, 2017, wherein the trial court granted the State's exception of no cause of action and dismissed Financial's petition for nullity of judgments of bond forfeiture with prejudice.[2] This timely appeal followed.
DISCUSSION
Exceptions of no cause of action present legal questions which are reviewed using the de novo standard of review. O'Dwyer v. Edwards , 2008-1492, p. 3 (La.App. 4 Cir. 6/10/09), 15 So.3d 308, 310. "The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." Indus. Co., Inc. v. Durbin , 2002-0665, p. 6 (La. 1/28/03), 837 So.2d 1207, 1213.
To maintain an action for nullity under La. C.C.P. art. 2004, the final judgment sought to be annulled must have been obtained by fraud or ill practices. However, La. C.C.P. art. 2004 is broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure, even if by innocent mistake. Montana v. Jordan , 2013-1410, p. 13 (La.App. 4 Cir. 2/26/14), 135 So.3d 1212, 1219 (citing Kem Search, Inc. v. Sheffield , 434 So.2d 1067, 1070 (La. 1983) ). To determine whether a judgment was obtained by fraud or ill practices, we examine: (1) whether the circumstances under which the judgment was rendered illustrated a deprivation of legal rights of the individual seeking relief; and (2) whether enforcement of the judgment would be inequitable or unconscionable. Id. , 2013-1410 at p. 14, 135 So.3d at 1220. Thus, applying the foregoing framework, we will evaluate whether Financial's petition for nullity of judgments of bond forfeiture states a valid cause of action.
Deprivation of Legal Rights
Financial contends the State's enforcement of the judgments of bond forfeiture constituted a fraudulent or ill practice because the judgments should have been set aside by operation of law. Financial's premise is predicated on its interpretation of the phrase "appearance of the defendant" in former La. C.Cr.P. art. 349.8(A)(1),[3] which Financial maintains is broad enough to include the instant scenario. "A criminal statute, like all other statutes, must be applied and interpreted in a manner that is logical and consistent with the presumed purpose and intent of the legislature." State v. Dennis , 2015-0831, pp. 4-5 (La.App. 4 Cir. 8/10/16), 198 So.3d 272, 275 (citing State v. Nellon , 2012-1429, p. 4 (La.App. 4 Cir. 9/4/13), 124 So.3d 1115, 1118 ). "In ascertaining the true meaning of a word, phrase, or section of a statute, the act as a whole must be considered." Anderson v. Ochsner Health Sys ., 2013-2970, p. 4 (La. 7/1/14), 172 So.3d 579, 581 (citing Fruge v. Muffoletto , 242 La. 569, 137 So.2d 336, 339 (1962) ). Further, the Louisiana Supreme Court has always strictly construed various aspects of the *210 bond forfeiture provisions. State v. Washington , 386 So.2d 89, 91 (La. 1980).
Prior to January 1, 2017, La. C.Cr.P. art. 349.8(A)(1) read as follows:
For bonds that have a face value under fifty thousand dollars, a judgment forfeiting the appearance bond shall at any time, within one hundred eighty days after the date of mailing the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender of the defendant or the appearance of the defendant. The surrender of the defendant also relieves the surety of all obligations under the bond and the judgment.
Financial relies on State v. Melancon , 2004-1727, p.2 (La.App. 1 Cir. 9/23/05), 925 So.2d 552, wherein the First Circuit held that an appearance, as contemplated by a related provision of bond forfeiture law[4] does not require that the defendant appear of record or in court. However, the operative facts are distinguishable from the instant case - while Melancon was not present in court, she physically presented to the Ascension Parish Sheriff's Office.
In the instant case, the trial court issued a bench warrant and judgments of bond forfeiture when both the defendant and his attorney failed to appear for a scheduled trial. Under the clear language of La. C.Cr.P. art. 831, and Financial does not contest, the defendant was obligated to make a physical appearance at his trial.[5] Financial's conclusion is that the subsequent May 18, 2015 appearance by defense counsel constitutes an appearance under La. C.Cr.P art. 834 and since the trial court did not specifically require the defendant's physical presence, it was "not essential," thus not necessary, to set aside the judgments of bond forfeiture.
"The presence of the defendant is only essential at proceedings which have a reasonably substantial relation to the fullness of the opportunity of the defendant to defend against the charge." State v. Kahey , 436 So.2d 475, 483 (La. 1983) (citing Snyder v. Commonwealth of Mass. , 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934) ). Conversely, the provisions regarding bail serve a completely different function. "The purpose of a bail (and a bond securing bail) is to ensure that the accused will appear at all stages of the proceedings to answer the charge for which he will be prosecuted." State v. Jones , 2015-1232, p. 4 (La.App. 4 Cir. 8/17/16), 200 So.3d 950, 952 (citation omitted); see also State v. Matteson , 36,628, p. 7 (La.App. 2 Cir. 12/11/02), 833 So.2d 1199, 1203 ("basic concept of the bail obligation is to make certain that a defendant appears in court with the surety paying a financial penalty when he fails to do so").
The bail provisions, as they existed during the relevant time period, contemplate that the physical presence of the defendant is necessary to set aside a judgment of bond forfeiture. Former La. C.Cr.P. art. 311 defines "[b]ail [as] the security given by a person to assure his appearance before the proper court whenever required." Since the physical presence of the defendant is required for trials, and bail is intended to secure a person's appearance whenever required, physical appearance by the defendant is required to set aside a judgment of bond forfeiture resulting from the absence of the defendant *211 from his trial.[6] We agree with the State's argument that Financial's interpretation of former La. C.Cr.P. art. 349.8(A)(1) would effectively amend the statute to allow for a third option to set aside a judgment of bond forfeiture: waiver of presence of the defendant and appearance by defendant's counsel. Our interpretation of La. C.Cr.P. art. 349.8(A)(1) requires the physical presence of the defendant, and the defendant did not physically appear. Therefore, we find no error in the trial court's determination that Financial failed to state a cause of action for nullity. Accordingly, we affirm the trial court's granting of the State's exception of no cause of action.
Inequitable/Unconscionable Enforcement
Financial contends the trial court's failure to set aside the judgments of bond forfeiture contemporaneous with the recalling of the warrant was improper procedure. In considering how bond forfeiture statutes apply to the facts of a case, we are mindful that bond forfeitures are not favored in Louisiana. State v. Brown , 2011-0804, p. 2 (La.App. 4 Cir. 1/11/12), 80 So.3d 1288, 1290 (citation omitted). "The purpose of the bond forfeiture statute, La. R.S. 15:85, 'is to shield the surety from prejudice brought about by the delay in learning of the defendant's failure to appear.' " Id. , 2011-0804 at p. 3, 80 So.3d at 1290 (quoting State v. Williams , 2007-648, p. 6 (La.App. 5 Cir. 1/22/08), 977 So.2d 154, 157-158 ) (citation omitted). Typically, these concerns apply to state actors failing to comply with the procedural requirements of notification that a judgment has been rendered. See, e.g. , State v. Nix , 2015-1368 (La.App. 4 Cir. 6/8/16), 195 So.3d 691. Financial presents this Court with an issue of first impression: whether the actions by the trial court recalling the bench warrant without setting aside the judgments of bond forfeiture can be the basis for a petition for nullity.
In its extensive oral reasons, the trial court emphasized that despite recalling the bench warrant, Financial had actual notice of the judgments of bond forfeiture yet the surety failed to "take up its obligation to verify that the State was proceeding" on enforcement. Financial contends the trial court's recalling of the bench warrant on May 18, 2015, led the surety to believe the court was satisfied that the requirements of the statute had been met. The State points out that Financial had actual notice of the judgments of bond forfeiture but failed to file a timely motion to set aside. "[A] judgment should not be annulled under ordinary circumstances simply because there was a lack of diligent presentation of a valid defense which could have been pleaded before judgment." Muller v. Michel Lecler, Inc ., 266 So.2d 916, 918 (La.App. 4 Cir. 1972). The judgments of bond forfeiture were still in force after the May 18, 2015 hearing. Nothing prevented Financial from making inquiries and protecting their interest through the filing of a motion to set *212 aside the judgments. As any loss of a legal right is attributable to Financial's own inaction, the result of enforcement of the judgments of bond forfeiture is neither unconscionable nor inequitable. We therefore do not find that the trial court's actions constitute improper procedure.
In light of the above reasoning, we pretermit Financial's second assignment of error. There are no additional facts Financial could plead to cure the grounds of the exception. See La. C.C.P. art. 934.
CONCLUSION
Accordingly, we find no error in the trial court's sustaining of the State's exception of no cause of action. For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

The defendant's name is alternatively spelled "Claiborn" and "Cliborn" in the Criminal District Court record. For the purposes of this appeal, we refer to the defendant as Cliborn, as this is the name that appears on the bond at issue.

The trial court pretermitted ruling on the other exceptions pending this appeal.

Although repealed by Acts 2016, No. 613, § 4, La. C.Cr.P. art. 349.8 was the law in effect when the judgments of bond forfeiture in this case were signed. See, e.g. , State v. Adkins , 613 So.2d 164, 166 (La. 1993) (which holds the law in effect at the time of the bond forfeiture applies). Similarly, the text of the other bail provisions cited to for interpretive purposes is from the former incarnations of the statutes as they existed at the relevant time.

La. R.S. 15:85(10) (2001).

La. C.Cr.P. arts. 831 and 834 proscribe when the presence of the defendant is (and is not) necessary during various stages of criminal proceedings.

Further examination of the bail provisions as they existed reinforces the requirement of the physical presence of the defendant to set aside a judgment of bond forfeiture. See La. C.Cr.P. art. 330.1(B) (2015) (defendant may be held without bail if there is a "substantial risk" he might flee or pose danger to another or the community); La. C.Cr.P. art. 334 (2015) (relevant factors in calculating the amount of bail include characteristics of the defendant and concerns of safety to the community); La. C.Cr.P. art. 335 (2015) ("court may impose any additional condition of release that is reasonably related to assuring the appearance of the defendant before the court); La. C.Cr.P. art. 335.1 (2015) (court may order the defendant be equipped with a GPS device as a condition to release for crimes against family, household member, or dating partner).