| | | |
|---|---|---|
| JENNIFER RICKERSON, ROXANNE DIGGS, JOSEPH ROUNDS, DESARAY JOSEPH, JENISHA ROUNDS AND THE ESTATE OF JOSEPH TRIGGS, INDIVIDUALLY AN ON BEHALF OF JOSEPH TRIGGS (DECEASED) | * | NO. 2024-CA-0519 |
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

VERSUS

SHERIF K. SAKLA,
STEPHANIE C. REUTHER,
THE SAKLA LAW FIRM,
APLC, JERRI G. SMITKO,
AND SMITKO LAW, APLC

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08905, DIVISION "D"
Honorable Monique E. Barial, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge
Rachael D. Johnson)

Jacques F. Bezou, Jr.
Payton S. Lachney
THE BEZOU LAW FIRM
534 E. Boston Street
Covington, LA 70433

      COUNSEL FOR PLAINTIFFS/APPELLANTS

Richard C. Stanley
Brandon A. Naquin
STANLEY REUTER ALFORD OWEN MUNSON & PAUL, LLC
909 Poydras Street, Suite 2500
New Orleans, LA 70112

      COUNSEL FOR DEFENDANTS/APPELLEES

                           **AFFIRMED**
                           **JUNE 13, 2025**

Jennifer Rickerson, Roxanne Diggs, Joseph Rounds, Desaray Joseph and Jenisha Rounds (hereinafter collectively "plaintiffs") seek review of the trial court's May 23, 2024 judgment denying their petition to annul. After consideration of the record before this Court and the applicable law, we affirm the trial court's judgment.

## Facts and Procedural History

The underlying facts of this case have previously appeared before this Court in *Rickerson v. Sakla*, 2021-0246 (La.App. 4 Cir. 11/10/21), 331 So.3d 986:

> On January 22, 2013, Joseph Triggs ("the decedent") of Thibodaux died while a resident patient of Community Care Center of Thibodaux, LLC d/b/a Audubon Health & Rehabilitation Center (hereinafter "Audubon"). Subsequently, the decedent's relatives Jennifer Rickerson, Roxanne Diggs, Joseph Rounds, Desaray Joseph, and Jenisha Rounds [] hired a law firm, Jerri Smitko and Smitko Law, APLC, (collectively "Smitko") in Houma, Louisiana to file a medical malpractice claim against Audubon for the alleged negligent medical treatment leading to [decedent's] death. On August 8, 2013, Smitko filed a request for a medical review panel with the Commissioner of Administration (the "COA"), naming "Joseph Triggs (Deceased)" as the claimant. The COA accepted the pleading and the matter proceeded under the title "*Joseph Triggs (D), et al. vs. Audubon Health and Rehab*.["]
>
> On November 1, 2013, Smitko engaged Sakla [Law Firm, APLC, Sherif K. Sakla, MD/JD and Stephanie C. Reuther (hereinafter

collectively "Sakla")], a law firm specializing in medical malpractice, specifically to assist in the preparation and submission of evidence for the medical review panel and the subsequent medical malpractice claim. [Sakla] was not engaged to review previously filed pleadings, nor were records forwarded to [Sakla] for review.

It is undisputed that the plaintiffs had no contact with Sakla and never sought Sakla's input or analysis of their case at any time during these proceedings, *i.e.*, Smitko was the sole point of contact with the plaintiffs… . The only communication between Smitko and Sakla before January 22, 2014, consisted of email interchanges pertaining to the appointment of the medical review panel, obtaining the patient's medical records, and adding Sakla as additional counsel before the [Patient's Compensation Fund]. It is noteworthy that Sakla was not enrolled as additional counsel in the medical review panel proceedings until May 2014, four months after the medical malpractice claim prescribed.

\*\*\*

Subsequently, on August 20, 2015, the medical review panel issued an opinion unanimously finding that Audubon failed to meet [the] applicable standard of care in its care and treatment of the decedent. On November 5, 2015, the plaintiffs filed a petition for damages in the 17th Judicial District Court, naming Audubon as the defendant and alleging medical malpractice. In response, Audubon filed various exceptions…Smitko independently prepared and filed the opposition to Audubon's exceptions…and attended the court hearings.

\*\*\*

On September 6, 2018, the plaintiffs filed the instant legal malpractice lawsuit against both Smitko and Sakla in the Civil District Court for the Parish of Orleans, alleging that Smitko and [] Sakla were grossly negligent in handling their medical malpractice case. In response, Sakla filed exceptions of no cause of action and [peremption]. …On April 1, 2019, the [trial] court granted [] Sakla's exception of peremption but subsequently, on November 15, 2019, allowed the plaintiffs fifteen days to amend their petition.

On November 26, 2019, the plaintiffs filed their first supplemental and amending petition. Sakla again filed exceptions of peremption and no cause of action. On January 13, 2021, after considering the evidence presented by the parties, the [trial] court found that the plaintiffs' supplemental petition was insufficient to correct the defects of the original petition and, again, granted [] Sakla's exception of peremption. Specifically, the [trial] court held that (1) the plaintiffs' claims were perempted under La. Rev. Stat. 9:5605(A) because the claims were brought more than three years after the date of the alleged

malpractice, *i.e.,* the failure to amend the request for Medical Review Panel in time (by January 22, 2014) to preserve the plaintiffs' medical malpractice claims; and (2) that the plaintiffs failed to show that Sakla had engaged in any fraud sufficient to trigger the fraud exception under La. Rev. Stat. 9:5605(E). In so ruling, the [trial] court made the specific factual finding that the emails on which the plaintiffs (pertaining to the email discussions between the attorneys as to whether the petition filing the initial claim in the name of the decedent was sufficient to preserve the plaintiffs' medical malpractice claim) failed to show any fraud on the part of [] Sakla. Accordingly, on January 25, 2021, the [trial] court signed the judgment, sustaining Sakla's exception of peremption and dismissing the plaintiffs' legal malpractice claims against Sakla with prejudice.

*Id.*, pp. 1-6, 331 So.3d at 987-89 (internal footnotes omitted).[1]

---

[1] La. R.S. 9:5605:

  A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

  B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

  C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.

  D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

3

Plaintiffs appealed the trial court's January 25, 2021 judgment. On November 10, 2021, this Court affirmed the trial court's judgment finding "that the fraud exception of [La. R.S.] 9:5605(E) is inapplicable and the plaintiffs' claims against Sakla are perempted." *Id.*, 2021-0246, pp. 10-11, 331 So.3d at 992. This Court specifically noted that "email exchanges, as well as the affidavit by Smitko, submitted in the record clearly show that, throughout the proceedings, Smitko remained the sole point of contact with the plaintiffs." *Id.*, 2021-0246, p. 8, 331 So.3d at 991. The Louisiana Supreme Court denied writs. *Rickerson v. Sakla*, 2021-01835 (La. 2/8/22), 332 So.3d 667.

On August 16, 2023, plaintiffs deposed Jerri Smitko who, in contravention to her previous affidavit, testified that there were no specific division of duties between Smitko and Sakla, nor an agreement that Smitko was the primary point of contact for the plaintiffs.[2] On February 9, 2024, plaintiffs filed a petition to annul the January 25, 2021 judgment which dismissed Sakla. Plaintiffs maintained that Sakla obtained the January 25, 2021 judgment by fraud and ill practices based on Jerri Smitko's August 16, 2023 deposition. Sakla opposed the petition to annul by filing exceptions of no cause of action and peremption, contending the trial court did not base its ruling solely on Stephanie Reuther and Jerri Smitko's affidavits and that *res judicata* bars review of the peremption issue. In support of its exceptions, Sakla attached the affidavit of Stephanie Reuther and Jerri Smitko's January 17, 2020 affidavit.[3] In Stephanie Reuther's affidavit, she attested that

---

E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

[2] For ease of reference, we refer to Jerri Smitko and Smitko Law, APLC collectively as "Smitko" and utilize "Jerri Smitko" when referencing Jerri Smitko in her individual capacity.

4

Sakla was retained to assist with the medical review panel submission; did not receive any of plaintiffs' records and was not asked to review the records; that Smitko served as the sole point of contact for communication with plaintiffs; and preparation of briefs and arguments in the medical malpractice case were handled solely by Jerri Smitko. In Jerri Smitko's affidavit, she attested that she would maintain contact with the client and report any significant developments in the case to the clients; Sakla would assist in the medical review panel submission; that she would be the sole point of contact for the clients; and that failure to communicate with the clients was an oversight on her part and no fault of Sakla. Conversely, at her August 16, 2023 deposition, Jerri Smitko testified that several statements in Stephanie Reuther's affidavit were untrue. The trial court heard the matter and by judgment dated May 23, 2024, denied plaintiffs' petition to annul the January 25, 2021 judgment. This appeal followed.

## Assignment of Error

In their sole assignment of error, plaintiffs assert the trial court abused its discretion in denying the petition to annul.

## Standard of Review

This Court reviews a trial court's judgment on a petition to annul a judgment under an abuse of discretion standard of review. *NFT Grp., L.L.C. v. Elite Pools & Spas, L.L.C.*, 2022-0468, p. 5 (La.App. 4 Cir. 12/12/22), 353 So.3d 395, 399 (citation omitted). "The Louisiana Supreme Court has recognized that '[i]n reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but whether the

---

[3] At the time of the litigation of the underlying medical malpractice claim, Stephanie Reuther worked on the case as an attorney/employee of Sakla Law Firm, APLC.

trial court's conclusions were reasonable.'" *Id*. (quoting *Midland Funding LLC v. Kelly*, 2011-0659, p. 2 (La.App. 4 Cir. 12/7/11), 81 So.3d 84, 86).

## Petition to Annul the January 25, 2021 Judgment

Plaintiffs assert that newly discovered evidence warrants annulment of the January 25, 2021 judgment. Specifically, plaintiffs maintain the January 25, 2021 judgment was obtained by fraud or ill practices because Jerri Smitko testified that the affidavit of Stephanie Reuther was untruthful. Jerri Smitko maintains that the following paragraph in Stephanie Reuther's affidavit is false:

> When the Sakla Law Firm APLC, Dr. Sakla, and I were retained in November of 2013, and because of Dr. Sakla's medical background, we were engaged with the understanding that we would assist with identifying potential panelists for the medical review panel, preparing the submission of evidence to the medical review panel, and later marshalling the burden of proof/causation elements on the "science" side of the malpractice claim. When the Sakla Law Firm APLC, Dr. Sakla, and I were engaged on November 1, 2013, we did not receive any records at that time from the Plaintiffs or Ms. Jerri Smitko, nor were we asked to review any of the prior work done by [] Ms. Smitko or Smitko Law, APLC.

She also testified, at her deposition, that there was no clear limitation on each law firm's involvement in the case, no agreement that she would be the plaintiffs' point of contact or that Smitko would be solely responsible for writing the oppositions to the exceptions filed in the medical malpractice case.

Pursuant to La. C.C.P. art. 2004, "[a] final judgment obtained by fraud or ill practices may be annulled." "The nullity of a final judgment may be demanded for vices of either form or substance." La. C.C.P. art. 2001. "However, La. C.C.P. art. 2004 is broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure, even if by innocent mistake." *State v. Mosk*, 2018-0287, p. 3 (La.App. 4 Cir. 9/26/18), 257 So.3d 206, 209 (citations omitted). In determining whether a judgment has been obtained through fraud or ill

6

practices, we examine whether: "(1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of the judgment would have been unconscionable and inequitable." *Power Mktg. Direct, Inc. v. Foster*, 2005-2023, p. 12 (La. 9/6/06), 938 So.2d 662, 670.

First, we consider whether the circumstances under which the judgment was rendered is a deprivation of plaintiffs' legal rights. "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other right." La. Const. Art. I, § 22. "The 'legal right' of which a litigant must be deprived to have a judgment annulled has been defined as the opportunity to appear and assert a defense." *CA One/Pampy's v. Brown*, 2007-1377, p. 6 (La.App. 4 Cir. 4/2/08), 982 So.2d 909, 913 (citation omitted). Plaintiffs initiated this lawsuit against Sakla and Smitko alleging the parties negligently handled their medical malpractice case. In response, Sakla filed an exception of peremption arguing that plaintiffs failed to assert their claim within one-year of discovery of the alleged legal malpractice. Sakla further contended that because plaintiffs also failed to assert their claim within three years of the alleged legal malpractice, plaintiffs could not avail themselves of the fraud exception to the three-year peremptive period outlined in La. R.S. 9:5605(E). Plaintiffs opposed the exception maintaining that their legal malpractice claim was filed within one-year of discovery of the alleged legal malpractice and the petition specifically alleged fraud thus, the three-year peremptive period in La. R.S. 9:5605(A) did not apply pursuant to La. R.S. 9:5605(E). The trial court granted the exception of peremption, but subsequently allowed plaintiffs the opportunity to amend their

petition. After plaintiffs amended the petition, Sakla re-urged their exception of peremption. Plaintiffs again opposed the exception, arguing that the fraud exception applies to the peremptive period of their legal malpractice claim against Sakla and attached numerous exhibits to support their defense. Following the granting of the re-urged exception of peremption, plaintiffs filed a motion for new trial, appealed the trial court's judgment granting Sakla's exception of peremption and sought writs with our Supreme Court. The procedural history of the case detailed above establishes that plaintiffs have been afforded every opportunity to appear and assert their claim and any applicable defense. Thus, we do not find that plaintiffs were denied any legal rights.

Next, we consider whether enforcement of the judgment would be unconscionable and inequitable. We acknowledge that "La. [C.C.P.] art. 2004 is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure…and where enforcement of the judgment would be unconscionable and inequitable." *Power Mktg. Direct, Inc.*, 2005-2023, pp. 15-16, 938 So.2d at 673. Plaintiffs assert that Jerri Smitko's testimony presents newly discovered evidence that Stephanie Reuther's affidavit included false statements and misrepresentations. They contend, enforcement of the judgment would "allow [d]efendants to adopt diametrically opposed factual positions under oath at their own convenience" without sanction. We find this argument unpersuasive. In reaching its conclusion, the trial court considered all of the exhibits introduced into evidence including, but not limited to, the amended petition for damages; email correspondence between the parties; correspondence regarding the medical malpractice claim; and the affidavits of Stephanie Reuther, Jerri Smitko and the

plaintiffs. The trial court determined that the lack of factual allegations in the amended petition, as well as the lack of evidence did not support a finding that Sakla engaged in fraudulent behavior. Nor did the trial court find that Sakla had the specific intent to defraud plaintiffs. Our review of the record indicates that the trial court did not consider Stephanie Reuther's affidavit in a vacuum, rather the trial court considered the totality of the circumstances. Jerri Smitko's deposition testimony appears self-serving, and while her testimony contradicted her previous affidavit the totality of the evidence does not support her new assertions. We find Jerri Smitko's deposition testimony insufficient to establish fraud or ill practices on the part of Sakla. Thus, enforcement of the January 25, 2021 judgment is not unconscionable nor inequitable.

## Conclusion

Absent evidence that plaintiffs were deprived of asserting their claim or presenting a defense to the peremption issue, the testimony of one party that another party's affidavit is untruthful does not satisfy plaintiffs' burden of proof. Further, plaintiffs have failed to establish that enforcement of the January 25, 2021 judgment would be unconscionable and inequitable. As such, the trial court's conclusions are reasonable and we find no abuse of discretion in denying plaintiffs' petition to annul the January 25, 2021 judgment.

## Decree

For the foregoing reasons, we affirm the trial court's May 23, 2024 judgment.

**AFFIRMED**

9